2005 SD 77

**Allen L. GUTHMILLER, Plaintiff and Appellant,**

v.

**DELOITTE & TOUCHE, LLP, PricewaterhouseCoopers, LLP, Defendants and Appellees,**

**and**

**Hopkins Appraisal Service, Defendant.**

**Nos. 23395, 23405, 23408.**

Supreme Court of South Dakota.

Considered on Briefs March 21, 2005.

Decided June 22, 2005.

Thomas J. Nicholson and Melissa J. Nicholson of Nicholson & Peterson, Sioux Falls, South Dakota, George Johnson of Johnson Eklund Law Office, Gregory, South Dakota, Attorneys for plaintiff and appellant.

Reed Rasmussen of Siegel, Barnett & Schutz, Sioux Falls, South Dakota, Lawrence M. Shapiro and Nancy E. Brasel of Greene Espel, Minneapolis, Minnesota, Attorneys for defendant and appellee Deloitte & Touche.

William P. Fuller of Woods, Fuller, Schultz & Smith, Sioux Falls, South Dakota, Attorneys for defendant and appellee PricewaterhouseCoopers.

STEELE, Circuit Judge.

[¶ 1.] Allen L. Guthmiller (Guthmiller) appeals the judgment of the circuit court dismissing this matter based on the three year statute of limitations contained in SDCL 15-2-14.4. By notice of review, the defendants appeal the trial court's decision denying their motions to dismiss claims of deceit and breach of contract. We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURE

[¶ 2.] Guthmiller sought financing through Franchise Mortgage Acceptance Company (FMAC)[1] for the acquisition, remodeling and initial cash flow requirements relating to the operation of three convenience stores in the Aberdeen area. As a prerequisite, FMAC required an independent appraisal by a nationally recognized appraisal service to determine both the business enterprise value and the real estate interest value of the three convenience stores. On March 24, 1998, Deloitte & Touche, L.L.P. (Deloitte & Touche) submitted its appraisal to Guthmiller valuing one of the convenience stores at $2,130,000.[2] On November 5, 1999, PricewaterhouseCoopers, L.L.P. (PricewaterhouseCoopers) submitted its appraisal valuing another of the convenience stores at $2,544,000.[3] On December 31, 1998, Hopkins Appraisal Service (Hopkins) submitted its appraisal valuing the Redfield convenience store at $2,062,000.[4] Hopkins has never entered an appearance in this case.

[¶ 3.] Guthmiller obtained financing through FMAC. However, he suffered operating losses in excess of $1 million and ultimately sold the convenience stores for substantially less than their appraised value. Guthmiller alleged that the real estate

1. FMAC is not a named defendant because it is insolvent.

2. This includes a business value of $1,350,000 and a realty interest value of $780,000.

3. This includes a business enterprise value of $564,000 and a realty interest value of $1,980,000.

4. This includes a realty interest value of $548,104, a leasehold and equipment value of $179,225, a personal property value of $230,000, and an enterprise/intangible value of $1,104,671.

values as presented in the above appraisals were overstated by \$305,000, \$1,245,000 and \$607,329, respectively. On February 6, 2004, Guthmiller sued Deloitte & Touche, PricewaterhouseCoopers and Hopkins (collectively defendants) alleging deceit and breach of contract.

[¶ 4.] Deloitte & Touche and PricewaterhouseCoopers filed motions to dismiss on three grounds: 1) statute of limitations; 2) failure to state a claim upon which relief may be granted as to deceit and breach of contract claims; and 3) failure to plead fraud with particularity. The circuit court granted a motion to dismiss solely on the statute of limitations question and denied the other motions. Guthmiller appeals arguing that the six year statute of limitations period for tort and contract actions should apply, not the three year limitations period found in SDCL 15–2–14.4 and applied by the circuit court, because the defendants were not acting as accountants when they prepared the appraisals. The motions hearing consisted solely of argument by counsel. No evidence was presented on the issue of whether defendants were licensed accountants or whether they or their agents were acting within their capacity as licensed accountants when preparing the appraisals. Deloitte & Touche and PricewaterhouseCoopers cross-appeal on the denial of their alternative motions to dismiss.

## STANDARD OF REVIEW

A motion to dismiss under SDCL 15–6–12(b) tests the legal sufficiency of the pleading, not the facts which support it. For purposes of the pleading, the court must treat as true all facts properly pled in the complaint and resolve all doubts in favor of the pleader. 'Our standard of review of a trial court's grant or denial of a motion to dismiss is the same as our review of a motion for summary judgment—is the pleader enti-

tled to judgment as a matter of law?' Thus, all reasonable inferences of fact must be drawn in favor of the non-moving party and we give no deference to the trial court's conclusions of law. *Vitek v. Bon Homme County Bd. of Com'rs*, 2002 SD 100, ¶ 7, 650 N.W.2d 513, 516 (internal citations omitted). "The motion is viewed with disfavor and is rarely granted." *Thompson v. Summers*, 1997 SD 103, ¶ 5, 567 N.W.2d 387, 390. "Pleadings should not be dismissed merely because the court entertains doubts as to whether the pleader will prevail in the action." *Id.* ¶ 7. The rules of procedure favor the resolution of cases upon the merits by trial or summary judgment rather than on failed or inartful accusations. *Id.* The court accepts the pleader's description of what happened along with any conclusions reasonably drawn therefrom. *Id.* ¶ 5. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

## ISSUES

Whether the circuit court erred in ruling Guthmiller's claims time barred by the statute of limitations contained in SDCL 15–2–14.4, which requires any action against a licensed public accountant, for malpractice, error, mistake, or omission, whether based on contract or tort, to be commenced within three years.

Whether the circuit court erred in denying defendants' motion to dismiss the deceit and breach of contract claims for failure to state a claim upon which relief may be granted and failure to plead fraud with particularity.

## ANALYSIS AND DECISION

### ISSUE ONE

[¶ 5.] **Whether the circuit court erred in ruling Guthmiller's claims**

time barred by the statute of limitations contained in SDCL 15–2–14.4, which requires any action against a licensed public accountant, for malpractice, error, mistake, or omission, whether based on contract or tort, to be commenced within three years.

[¶ 6.] Guthmiller argues that the circuit court erred in dismissing his claims at this stage of the proceeding because: 1) the record does not contain any evidence that the defendants are accountants; and, 2) the defendants were not acting in a professional capacity as accountants when they prepared the appraisals. In response, the defendants ask this Court to take judicial notice of the fact that they are licensed accountants, thereby affording them protection under the three year statute of limitations set forth in SDCL 15–2–14.4.

[¶ 7.] SDCL 19–10–1 allows the court to take judicial notice of an adjudicative fact, to wit, a fact which is "not subject to reasonable dispute in that it is either: (1)[g]enerally known within the territorial jurisdiction of the trial court; or (2)[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." SDCL 19–10–2. Taking judicial notice that the defendants are accountants in this case is inapposite because our review is limited to the pleadings in order to test their legal sufficiency. We are not at liberty to supplement the record or consider matters outside the pleadings in order to do so. *Richards v. Lenz*, 539 N.W.2d 80, 83 (S.D.1995). The pleadings contain no allegation that the defendants are accountants or were acting in the capacity of accountants in conducting the appraisals. Therefore, because we must confine our review to the record before us, it is inappropriate to grant defendants' request for the purpose of reviewing this Rule 12(b)(5) determination.

[¶ 8.] Moreover, a statute of limitations defense is an affirmative one and the defendants bear the burden of proof. *Wolff v. Secretary of Game, Fish and Parks Dept.*, 1996 SD 23, ¶ 14, 544 N.W.2d 531, 533. SDCL 15–2–1 requires that such a defense may only be raised by "answer or other responsive pleading." SDCL 15–2–1. This Court has previously highlighted the statutory requirement of raising a statute of limitations defense by responsive pleading. *See Brandner v. City of Aberdeen*, 78 S.D. 574, 579, 105 N.W.2d 665, 667 (overruled on other grounds). Furthermore, a party is required to include a statute of limitations defense in its responsive pleadings. SDCL 15–6–8(c). Responsive pleadings are generally those listed in SDCL 15–6–7(a), the statutory counterpart to Fed. R.Civ.P. 7(a). *First Federal Sav. and Loan Ass'n of Fayetteville v. Federal Home Loan Bank Bd.*, 426 F.Supp. 454, 461 (W.D.Ark.1977). These pleadings are an answer to a complaint, cross claim, third-party complaint, or reply to a counterclaim. SDCL 15–6–7(a). A pre-answer motion under Rule 12(b), such as a motion to dismiss for failure to state a claim, is not a responsive pleading. *Sohns v. Dahl*, 392 F.Supp. 1208, 1219 (W.D.Va.1975) (citing 6 Fed.R.Civ.P. 7(a); Wright and Miller Federal Practice and Procedure: Civil § 1483). Since no responsive pleadings were filed, the circuit court erred in granting the motion to dismiss on the statute of limitations defense.

ISSUE TWO

[¶ 9.] **Whether the circuit court erred in denying the defendants' motion to dismiss the deceit and breach of contract claims for failure to state a claim upon which relief may be granted and failure to plead the claim of fraud with particularity.**

[¶ 10.] In the complaint Count 1 alleged the tort claim of deceit and Count 2 claimed breach of contract. The defendants argue that the circuit court erred in denying their motions to dismiss these claims because: 1) they are really accountant malpractice claims; 2) the deceit claim did not allege fraud with sufficient particularity; and, 3) the breach of contract claim failed to state the crucial allegation that the plaintiff had a contract with the defendants.

[¶ 11.] Concerning the defendants' first contention, we note that the claims will become moot if on remand the circuit court determines that the three year statute of limitations applies. However, should the court determine that the three year statute of limitations does not apply this would necessarily involve a determination that the defendants were not acting as accountants in performing the appraisals. If so, then Counts 1 and 2 would survive, if properly pled.

[¶ 12.] As to the second contention, we first examine the elements of the tort claim of deceit, which are:

A representation made as a statement of fact, which is untrue and intentionally or recklessly made

1. With intent to deceive for the purpose of inducing the other party to act upon it;

2. Reliance upon the untrue statement of fact;

3. Resulting in injury or damage.

*Grynberg v. Citation Oil and Gas Corp.,* 1997 SD 121, ¶ 24, 573 N.W.2d 493, 502; *Holy Cross Parish v. Huether,* 308 N.W.2d 575, 576 (S.D.1981); SDCL 20–10–1.

[¶ 13.] The deceit count of the complaint alleged:

1. That the appraisals submitted by the defendants were overvalued;

2. That the appraisals were given to the plaintiffs with knowledge that the plaintiff would rely on them; and,

3. That the plaintiff's reliance would be to his financial detriment;

4. That the appraisals were given with a reckless disregard for whether the appraisals were fair or not;

5. That the plaintiff believes that the representation that the appraisals were independent were false.

Applying the standard by which we review the sufficiency of the pleadings (as set forth in the Standard of Review section of this opinion), we hold that the allegations in Count 1, considering the pleader's description of what happened along with any conclusions reasonably drawn therefrom, were adequate to survive a motion to dismiss.

[¶ 14.] As to the third contention, the elements of breach of contract are:

1. An enforceable promise;

2. A breach of the promise;

3. Resulting damages.

*McKie v. Huntley,* 2000 SD 160, ¶ 17, 620 N.W.2d 599, 603; *Krzycki v. Genoa Nat'l Bank,* 242 Neb. 819, 496 N.W.2d 916, 923 (1993).

[¶ 15.] The contract count of the complaint alleged:

1. That the defendants expressly and impliedly contracted and warranted that the appraisals prepared by the defendants would be fair and independent;

2. That the defendants breached the warranties and agreements;

3. That as a proximate result of the breach of warranties, obligations, and contracts, the plaintiff suffered damages.

As with the deceit count, these allegations adequately stated the elements of the claim and were likewise sufficient to survive a motion to dismiss.

[¶ 16.] The decision of the circuit court granting the defendants' motion to dismiss based upon the statute of limitations is reversed. The decision denying the defendants' motions to dismiss the deceit and breach of contract claims is affirmed. This case is remanded for further proceedings consistent with this opinion.

[¶ 17.] GILBERTSON, Chief · Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.

[¶ 18.] STEELE, Circuit Judge, for SABERS, Justice, disqualified.