#24669-rev&rem-TRANDAHL, Circuit Judge
**2008 SD 45**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

NORTH AMERICAN TRUCK &
TRAILER, INC.,                                    Plaintiff and appellant,

    v.

M.C.I. COMMUNICATION
SERVICES, INC., d/b/a VERIZON
BUSINESS SERVICES,                       Defendant and appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE KATHLEEN K. CALDWELL
Judge

* * * *

DANIEL K. BRENDTRO
Brendtro Law Offices                     Attorney for plaintiff
Sioux Falls, South Dakota            and appellant.

DANIEL R. FRITZ
Lynn, Jackson, Shultz & Lebrun, PC     Attorneys for defendant
Sioux Falls, South Dakota            and appellee.

* * * *

CONSIDERED ON BRIEFS
MARCH 28, 2008

OPINION FILED 6/11/08

#24669

TRANDAHL, Circuit Judge

[¶1.] North American Truck & Trailer, Inc. (NATT) appeals from an order of judgment dismissing its claim for fraud and deceit against M.C.I. Communication, Inc. d/b/a Verizon Business Services (MCI). We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

[¶2.] NATT is a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota. MCI is a Delaware corporation with its principal place of business in New York, New York. MCI provided telecommunication services to NATT for several years, including 2003 and 2004.

[¶3.] On April 27, 2007, NATT filed this lawsuit against MCI. NATT's complaint contained only one count, which was entitled "Fraud & Deceit." NATT alleged that in 2003 and 2004 MCI engaged in a pattern of overcharging it for various telecommunications services and that MCI did so intentionally or with reckless disregard. NATT further alleged that it was unaware of the overcharging and to its detriment paid the amounts due. NATT attached to its complaint an eight-page spreadsheet that was intended to explain or summarize the alleged overcharges.

[¶4.] MCI filed a motion to dismiss pursuant to SDCL 15-6-12(b)(5) on the basis that NATT's complaint did not plead fraud and deceit with sufficient particularity as required by SDCL 15-6-9(b). The parties briefed the issue, and a hearing was held on August 27, 2007, before the trial court. The trial court took the matter under advisement and issued a letter opinion dated August 28, 2007, granting MCI's motion. NATT objected to the order of judgment proposed by MCI, and also moved the court to reconsider its decision. The court declined both

requests and entered an order of judgment dismissing the complaint on September 6, 2007.

[¶5.]     NATT raises two issues on appeal:

> Whether NATT's complaint stated a claim of fraud and deceit with sufficient particularity as required by SDCL 15-6-9(b).

> Whether the trial court erred in denying NATT's objection to the order of judgment.

## STANDARD OF REVIEW

[¶6.]     "A motion to dismiss under SDCL 15-6-12(b) tests the legal sufficiency of the pleading, not the facts which support it. For purposes of the pleading, the court must treat as true all facts properly pled in the complaint and resolve all doubts in favor of the pleader." Nygaard v. Sioux Valley Hosp. & Health Sys., 2007 SD 34, ¶ 9, 731 NW2d 184, 190 (citing Guthmiller v. Deloitte & Touche, LLP, 2005 SD 77, ¶ 4, 699 NW2d 493, 496). "The motions are viewed with disfavor and seldom prevail." Id. (citing Elkjer v. City of Rapid City, 2005 SD 45, ¶ 6, 695 NW2d 235, 238). "Pleadings should not be dismissed merely because the court entertains doubts as to whether the pleader will prevail in the action." Thompson v. Summers, 1997 SD 103, ¶ 7, 567 NW2d 387, 390. Further, "[t]he rules of procedure favor the resolution of cases upon the merits by trial or summary judgment rather than on failed or inartful accusations." Id. "The court accepts the pleader's description of what happened along with any conclusions reasonably drawn therefrom." Id. ¶ 5. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. "We review the circuit court's ruling de novo,

with no deference to its determination." *Nygaard*, 2007 SD 34, ¶ 9, 731 NW2d at 190 (citing *Elkjer,* 2005 SD 45, ¶ 6, 695 NW2d at 238).

## ANALYSIS AND DECISION

[¶7.]     **Whether NATT's complaint stated a claim of fraud and deceit with sufficient particularity as required by SDCL 15-6-9(b).**

[¶8.]     SDCL 15-6-9(b)[1] requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Additionally, "[t]his Court has required that a pleading based on fraud as a basis of recovery of damages must allege all the essential elements of actionable fraud to be sufficient." Holy Cross Parish v. Huether, 308 NW2d 575, 576 (SD 1981) (citing Voeller v. Geisler, 77 SD 96, 86 NW2d 395 (1957)).[2]  The essential elements of actionable fraud are:

> [T]hat a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage.

---

1.     South Dakota Codified Law 15-6-9(b) is identical to Federal Rule of Civil Procedure 9(b).

2.     While South Dakota uses the "elements test" to determine the sufficient particularity of a pleading, we recognize that many federal courts, including the courts of the Eighth Circuit, use the "newspaper test" under the same circumstances.  *See e.g.* United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F3d 552, 556 (8thCir 2006)("To satisfy the particularity requirement of Rule 9(b) . . . the complaint must identify the 'who, what, where, when, and how' of the alleged fraud").  We decline to adopt that test.

Northwest Realty Co. v. Colling, 82 SD 421, 433, 147 NW2d 675, 683 (1966).

[¶9.]     In this case, the trial court held that NATT "overlooked the essential element of adequately stating a claim for fraud and deceit - the requirement that the claim be stated with sufficient particularity."  The trial court found that "[NATT] provides no *factual allegations* in support of these contentions . . . [NATT] merely makes bald, conclusory allegations pertaining to the allegedly fraudulent conduct of Verizon.  Again, without supporting such a claim with *particular facts*, the claim cannot lie." (Emphasis added).  However, in applying Rule 9(b), "focusing exclusively on its 'particularity' language 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.'" Christidis v. First Pennsylvania Mortg. Trust, 717 F2d 96, 100 (3rdCir 1983) (quoting 5 C Wright & A. Miller, *Federal Practice and Procedure* § 1298, at 407 (1969)).  In addition, "Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter."  Denny v. Carey, 72 FRD 574, 578 (DCPa 1976) (citations omitted).  In other words, the rules do not require a plaintiff to "plead fraud with complete insight before discovery is complete." Gunderson v. ADM Investor Serv., Inc., 230 F3d 1363, *3 (8th Cir 2000)(unpublished opinion).

> Since fraud embraces a wide variety of potential misconduct, Rule 9(b) requires *slightly more* notice than would be forthcoming under Rule 8.  But the requirement of Rule 9(b) is met when there is sufficient identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer to the allegations.

*Denny*, 72 FRD at 578. (citations omitted) (emphasis added). Accordingly, we conclude that the trial court subjected NATT's averments of fraud to too strict a standard.

[¶10.] In South Dakota, a civil pleading based on fraud is sufficiently particular if it alleges "all of the essential elements of actionable fraud." *Holy Cross Parish*, 308 NW2d at 576 (citing *Voeller*, 77 SD 96, 86 NW2d at 395). In *Guthmiller,* 2005 SD 77, ¶ 12, 699 NW2d at 498, this Court applied the "elements test" to determine whether the plaintiff's deceit claim alleged fraud with sufficient particularity. In doing so, the Court first examined the elements of the tort claim of deceit, which are:

> A representation made as a statement of fact, which is untrue and intentionally or recklessly made
>
> 1. With intent to deceive for the purpose of inducing the other party to act upon it;
>
> 2. Reliance upon the untrue statement of fact;
>
> 3. Resulting in injury or damage.

*Id.* ¶ 12 (citing Grynberg v. Citation Oil and Gas Corp.*,* 1997 SD 121, ¶ 24, 573 NW2d 493, 502; *Holy Cross Parish*, 308 NW2d at 576; SDCL 20-10-1.). Then, in determining if the deceit count of the complaint in that case was sufficiently particular, the Court set forth the allegations as therein provided:

> 1. That the appraisals submitted by the defendants were overvalued;
>
> 2. That the appraisals were given to the plaintiffs with knowledge that the plaintiff would rely on them; and,

3. That the plaintiff's reliance would be to his financial detriment;

4. That the appraisals were given with a reckless disregard for whether the appraisals were fair or not;

5. That the plaintiff believes that the representation that the appraisals were independent were false.

Based on this pleading, the Court held that "the allegations in Count 1, considering the pleader's description of what happened along with any conclusions reasonably drawn therefrom, were adequate to survive a motion to dismiss." *Id.* ¶ 13; *see also Holy Cross Parish*, 308 NW2d at 576; Norwest Bank Black Hills, N.A. v. Rapid City Teachers Fed. Credit Union, 433 NW2d 560, 562-563 (SD 1988).

[¶11.] Similarly, a review of the complaint in this case demonstrates that NATT adequately addressed each element of fraud:

A. *Representation made as a statement of fact.*

Defendant sent bills to NATT which purported to contain the proper charges to be paid by NATT for telecommunication service.

B. *Untrue and known to be untrue by the party making it, or else recklessly made.*

The billing statements were erroneous and inflated.[3]

C. *With intent to deceive and for the purpose of inducing the other party to act upon it.*

---

3. In addition, Exhibit A attached to the complaint, an eight page spreadsheet which summarized the charges and alleged overcharges NATT incurred from MCI, provided particularity regarding the "representations" made and the alleged "untrue" or "reckless" nature of those representations.

Defendant acted recklessly or intentionally in compiling and preparing these billing statements and the erroneous figures.

D. *Reliance.*

NATT paid the total amount allegedly due, relying on these billing statements as if they were true.

E. *Damages.*

NATT overpaid for telecommunication services because the amounts due were greater than the amounts which NATT had agreed to pay.

NATT estimates it was financially damaged in the year 2003 by being overcharged at least $18,945.76 . . . and in 2004 by overpaying at least the same amount, $18,945.76.

In addition, NATT incurred expenses of at least $12,000 to hire consultants to try and reconcile the amounts billed with the amounts that should have been billed.

[¶12.]     Applying the standard by which we review the sufficiency of the pleadings, we hold that NATT's complaint satisfies the "elements test" and the requirement of SDCL 15-6-9(b).  NATT adequately delineated the acts and transactions constituting the alleged fraud to fairly apprise MCI of NATT's claim. Accordingly, we reverse the order of judgment dismissing the cause of action for fraud and deceit against MCI and remand for further proceedings.  In light of this disposition, we need not reach the second issue.

[¶13.]     Reversed and remanded.

[¶14.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.

[¶15.]     TRANDAHL, Circuit Judge, for SABERS, Justice, disqualified.