BLD-211                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2059
_____

ASSEM A. ABULKHAIR,
                                        Appellant

v.

CITIBANK AND ASSOCIATES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-02548)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2011
Before:  SLOVITER, JORDAN AND GREENAWAY, JR., Circuit Judges

(Opinion filed:  June 28, 2011)
_____

OPINION
_____

PER CURIAM

    Assem A. Abulkhair appeals from an order of the District Court granting summary

judgment on his Equal Credit Opportunity Act ("ECOA") and breach of contract claims.

Since no substantial question is presented by Abulkhair's appeal, we will summarily

affirm.

Abulkhair filed a pro se complaint against Citibank (South Dakota), N.A. ("Citibank")[1] in the Superior Court of New Jersey, alleging that Citibank discriminated against him by closing his credit card accounts because he is a Muslim. Specifically, he asserted a breach of contract claim and a claim under the ECOA. Citibank removed the action to the District Court after being served with the complaint, and moved to dismiss. The District Court denied that motion and referred the case to a Magistrate Judge for purposes of handling pretrial matters. See 28 U.S.C. § 636(b)(1)(A).

Abulkhair moved for appointment of counsel, indicating that he sought assistance in preparing an amended complaint. The Magistrate Judge denied that motion because the relevant factors weighed against appointing counsel, but ultimately gave Abulkhair permission to file a motion for leave to file an amended complaint. Abulkhair filed such a motion, but the Magistrate Judge denied it on the basis that Abulkhair's proposed amendments were futile. Abulkhair unsuccessfully appealed that decision to the District Court. He attempted to appeal to this Court, but we dismissed his appeal for lack of jurisdiction.

While Abulkhair's motion for leave to amend was pending, the Magistrate Judge resolved some discovery disputes. Primarily, Abulkhair sought to depose several of Citibank's current and former employees, but the Magistrate Judge ruled that he would not be entitled to take oral depositions. Instead, she limited him to taking depositions by

written questions. Abulkhair attempted to appeal that order directly to this Court, but voluntarily withdrew his appeal after being notified of a potential jurisdictional defect.

Citibank ultimately moved for summary judgment, arguing that Abulkhair's ECOA claim was time-barred and that both claims failed on their merits. In response, Abulkhair predominantly argued that summary judgment was inappropriate because discovery was incomplete. After hearing oral argument, the District Court granted summary judgment to Citibank from the bench, ruling that (1) Abulkhair's ECOA claim was time-barred; (2) Abulkhair's breach of contract claim failed because, under the relevant contract, Citibank had the right to close his accounts and because, regardless, there was no evidence that Citibank closed the accounts because of Abulkhair's religion; and (3) no additional discovery was necessary. The District Court entered summary judgment in accordance with its oral opinion and Abulkhair timely appealed.

## II.

The District Court possessed jurisdiction over Abulkhair's claims pursuant to 28 U.S.C. § 1331 & 1367.[2] We have appellate jurisdiction under 28 U.S.C. § 1291. Our

_____

[1] Abulkhair improperly identified the defendant as "Citibank and Associates."
[2] Citibank removed Abulkhair's complaint on the basis that the District Court possessed both federal question jurisdiction and diversity jurisdiction. Abulkhair moved to remand on the basis that diversity of citizenship was allegedly lacking. The District Court correctly denied that motion because, regardless of whether the parties are diverse, Abulkhair's complaint raises a federal question under the ECOA and supplemental jurisdiction existed over his related breach of contract claim. Furthermore, the fact that Citibank has offices in New Jersey, a fact that Abulkhair emphasizes, is inconsequential for diversity purposes because a national banking association is considered a citizen of "the State designated in its articles

3

review of an order granting summary judgment is plenary. <u>Curley v. Klem</u>, 298 F.3d 271, 276 (3d Cir. 2002). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, we must "view all evidence and draw all inferences in the light most favorable to the non-moving party . . . ." <u>Startzell v. City of Phila.</u>, 533 F.3d 183, 192 (3d Cir. 2008). However, "we review the District Court's refusal to delay its ruling on [a] summary judgment motion under the deferential abuse of discretion standard." <u>Renchenski v. Williams</u>, 622 F.3d 315, 339 (3d Cir. 2010). Likewise, we review a district court's denial of a motion for leave to amend a complaint for abuse of discretion. <u>Hill v. City of Scranton</u>, 411 F.3d 118, 125 (3d Cir. 2005). We may summarily affirm if no substantial question is presented by the appeal. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

### A. Summary Judgment

The District Court properly granted summary judgment to Citibank because Abulkhair's ECOA claim is clearly time-barred and his breach of contract claim fails on its merits. ECOA claims are generally governed by a two-year statute of limitations, although in some cases a three year limitations period applies. <u>See</u> 15 U.S.C. § 1691e(f). It is undisputed that the alleged ECOA violation in this case occurred in January 2003,

---

of association as its main office." <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 318 (2006); <u>see also</u> 28 U.S.C. § 1348.

when Citibank closed Abulkhair's accounts, and that Abulkhair did not file his complaint until over five years later, in March 2008. Furthermore, a January 29, 2003 letter that Abulkhair sent to Citibank reflects his awareness that Citibank closed his accounts around that time. Accordingly, the District Court correctly concluded that, regardless of which limitations period applies, Abulkhair's ECOA claim is time-barred.[3] That the District Court previously denied Citibank's motion to dismiss the ECOA claim did not, contrary to Abulkhair's assertions, bar the District Court from later granting Citibank's motion for summary judgment given the different standards that govern those motions.

The District Court's grant of summary judgment on Abulkhair's breach of contract claim was also warranted. To succeed on that claim, Abulkhair must establish an enforceable promise, a breach of that promise, and damages resulting from the breach. See Guthmiller v. Deloitte & Touche, LLP, 699 N.W.2d 493, 498 (S.D. 2005).[4] The credit card agreement between Citibank and Abulkhair states that Citibank "may close

---

[3] Abulkhair's complaint primarily contends that Citibank discriminated against him based on his religion, but also references his ethnicity, suggesting that he claimed discrimination on that basis as well. But even if the complaint could have been read to include claims under 42 U.S.C. § 1981, and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-12(i)(1), any such claims would also have been time-barred. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382-84 (2004) (four-year statute of limitations governs § 1981 claims based on amended version of § 1981, otherwise most analogous state limitations period governs); Montells v. Haynes, 627 A.2d 654, 660 (N.J. 1993) (two-year statute of limitations governs claims under New Jersey Law Against Discrimination).

[4] South Dakota law applies to Abulkhair's breach of contract claim since the relevant credit card agreement contains a choice of law provision to that effect. See Homa v. Am. Express Co., 558 F.3d 225, 227-28 (3d Cir. 2009) (New Jersey courts uphold contractual choice of law provisions unless doing so would violate

[the account holder's] account or suspend [his] account privileges at any time for any reason without prior notice." (Barnette Certification Ex. 1 at 13.) Accordingly, Citibank was entitled to close Abulkhair's accounts even if he was in full compliance with the terms of the credit card agreement, as he contends he was.[5]

Furthermore, there is simply no evidence in the record to substantiate Abulkhair's claim that Citibank closed his accounts because he is a Muslim. To the contrary, the record reflects that Citibank closed Abulkhair's accounts in light of "derogatory information" on his credit report. (Barnette Certification ¶ 5.) The January 29, 2003 letter that Abulkhair sent to Citibank indicates that Abulkhair received notice of Citibank's decision in that regard, and suggests that he had experienced prior problems with identity theft, which may have led to the adverse information on his credit report.

Perhaps recognizing the absence of evidence in support of his claims, Abulkhair opposed Citibank's motion on the basis that summary judgment would be inappropriate in light of his alleged need for further discovery. He primarily challenged the Magistrate

---

New Jersey public policy).

[5] Under South Dakota law, "[e]very contract contains an implied covenant of good faith and fair dealing which prohibits either contracting party from preventing or injuring the other party's right to receive the agreed benefits of the contract." Farm Credit Servs. of Am. v. Dougan, 704 N.W.2d 24, 27 (S.D. 2005) (quotations omitted and alteration in original). However, the "obligation of good faith does not vary the substantive terms of the bargain, . . . nor does it provide a remedy for an unpleasantly motivated act that is expressly permitted by contract." Id. at 29 (quotations omitted and alterations in original). Abulkhair therefore cannot circumvent the credit card agreement's clear language by alleging a breach of the covenant. Regardless, there is no evidence in the record that would support his assertion the covenant was violated.

6

Judge's decision that he could not take oral depositions, but also argued that Citibank never provided him with a copy of his deposition transcript, that Citibank had not fully complied with his discovery requests, that the Magistrate Judge forced him to identify the accounts at issue to Citibank, and that the Magistrate Judge unfairly limited the scope of certain discovery he sought from Citibank – apparently evidence of other lawsuits against Citibank alleging discrimination – to a one-year time period. The District Court concluded that Abulkhair had already received "fair discovery" and that there was "no reason for any further discovery in the case." (Mar. 21, 2011 Hr'g Tr. 17-18.)

A party opposing summary judgment on the basis that additional discovery is warranted must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).[6] "Beyond the procedural requirement of filing an affidavit, [the Rule] also requires that a party indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." Radich v. Goode, 886 F.2d 1391, 1393-94 (3d Cir. 1989). Abulkhair's failure to file an affidavit in accordance with Rule 56(d) might alone be a sufficient reason to approve the District Court's decision. See id. at 1394 ("This circuit generally requires that a party file a Rule 56(f) affidavit in order to preserve the issue for appeal."). However, leaving Abulkhair's non-compliance aside in an effort to avoid harsh application of procedural requirements given his pro se status, see Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993), we find no abuse of discretion in the

7

District Court's conclusion that no additional discovery was warranted.

Although the Magistrate Judge precluded Abulkhair from taking oral depositions, Abulkhair could have taken depositions by written questions.[7] While we understand that oral depositions might have been preferable to him, Abulkhair still could have acquired relevant information by taking advantage of that discovery tool. His failure to do so makes it difficult to conclude that he should have been entitled to additional time for discovery. We also do not see how additional discovery would have helped Abulkhair either establish the elements of his breach of contract claim or overcome the fact that his ECOA claim is time-barred. Having considered all of Abulkhair's objections and the fact that discovery in this relatively straightforward case appears to have proceeded for well over a year, we find no abuse of discretion in the District Court's conclusion that the record was sufficiently developed for summary judgment purposes. See Dowling v. City of Phila, 855 F.2d 136, 140-41 (3d Cir. 1988).

---

[6] Rule 56(d) was formerly Rule 56(f).

[7] In general, a party who fails to appeal a Magistrate Judge's pretrial ruling to the District Court in accordance with Federal Rule of Civil Procedure 72(a), waives review of that ruling by this Court absent "exceptional circumstances." Continental Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 254 (3d Cir. 1998); see also Caidor v. Onondaga Cnty., 517 F.3d 601, 605 (2d Cir. 2008). Although Abulkhair never appealed the Magistrate's discovery rulings to the District Court we think it is appropriate to discuss them on appeal because the District Court essentially addressed them in concluding that discovery proceeded fairly, Citibank never raised the issue of waiver, and the decisions are necessarily intertwined with the District Court's order granting summary judgment. See Tabron, 6 F.3d at 153 n.2. Abulkhair also failed to appeal the Magistrate Judge's denial of counsel to District Court. However, even assuming that ruling is properly before this Court, we find no abuse of discretion in the Magistrate

B.    Motion for Leave to Amend

Albulkhair's proposed amended complaint sought to assert claims, based on essentially the same factual allegations contained in his original complaint, that Citibank violated the New Jersey Consumer Fraud Act ("CFA") and New Jersey Bank Parity Act, breached a fiduciary duty, and breached the duty of good faith and fair dealing. He also sought to bring claims under "all State and Federal laws and trade acts, intended and designated for the purpose of fair dealing for the sole benefit and interests of another, with loyalty to those interests for which are Anti-Discrimination."[8] (Amended Compl. ¶ 19.) The Magistrate Judge concluded that Abulkhair's proposed amendments would be futile and denied leave to amend. We find no abuse of discretion in that conclusion.

Although "[l]eave to amend must generally be granted," it is appropriate for a district court to deny leave when amendment would be futile. Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Abulkhair's amended complaint failed to state a claim under the CFA because it did not allege any behavior that would constitute fraud under that statute. See N.J. Stat. Ann. § 56:8-2; see also Cox v. Sears Roebuck & Co., 647 A.2d 454, 462 (N.J. 1994) (breach of contract does not constitute CFA violation absent "substantial aggravating factors"). Nor does the amended complaint state a claim under the New Jersey Bank Parity Act, which governs the rate of interests that New Jersey

---

Judge's conclusion that Abulkhair was not entitled to counsel. See id. at 155-56.
[8] Although the Magistrate Judge considered the amended complaint to assert a new punitive damages claim, Abulkhair had already requested punitive damages in his original complaint.

9

Banks can charge. See N.J. Stat. Ann. § 17:13B-1, 17:13B-2. As for Abulkhair's broad invocation of state and federal law, we note that his original complaint already asserted claims under the relevant laws prohibiting discrimination and that those claims are time-barred.

The Magistrate Judge did not specifically address Abulkhair's attempt to add claims based on breach of fiduciary duty and breach of the covenant of good faith and fair dealing. However, Abulkhair cannot state a claim for breach of fiduciary duty based solely on the allegations of his amended complaint, which reflect nothing more than a debtor-creditor relationship between himself and Citibank. United Jersey Bank v. Kensey, 704 A.2d 38, 44 (N.J. Super. Ct. App. Div. 1997) ("The virtually unanimous rule is that creditor-debtor relationships rarely give rise to a fiduciary duty."); see also Cowan Bros., L.L.C. v. Am. State Bank, 743 N.W.2d 411, 420 (S.D. 2007) ("[T]he relationship between a bank and its borrower is generally considered to be a debtor-creditor relationship which imposes no special or fiduciary duties on a bank.") (quotations omitted). Assuming arguendo that the Magistrate Judge should have allowed Abulkhair to amend in order to pursue a claim based on breach of the covenant of good faith and fair dealing claim, any such error in that regard is harmless because that claim fails with his contract claim. See supra n. 5.

In sum, Abulkhair's appeal presents no substantial question. Accordingly, we will summarily affirm the judgment of the District Court.