#30698-aff in pt & rev in pt-SPM
**2025 S.D. 42**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

CRAIG NELSON and AMY FREED,
as co-personal representatives of the
ESTATE OF EARL NELSON,                          Plaintiffs and Appellants,

v.

GARY TINKCOM, as personal
representative of the ESTATE OF
WILLIAM TINKCOM, EDDIE WELCH,
and MERE COIN COMPANY, LLC, d/b/a
COINS & COLLECTABLES,                           Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE DOUGLAS BARNETT
Judge

* * * *

JUSTIN A. BERGESON
JUSTIN G. SMITH
SANDER J. MOREHEAD of
Woods, Fuller, Shultz & Smith, P.C.
Sioux Falls, South Dakota                       Attorneys for plaintiffs and
                                                appellants.

* * * *

ARGUED
FEBRUARY 19, 2025
OPINION FILED **07/23/25**

* * * *

JOEL RISCHE of
Davenport, Evans, Hurwitz &
   Smith, LLP
Sioux Falls, South Dakota                         Attorneys for defendants and
                                                                         appellees Eddie Welch and
                                                                        Mere Coin Company, LLC d/b/a
                                                                        Coins and Collectables.


DANIEL J. NICHOLS of
Nichols & Rabuck, P.C.
Sioux Falls, South Dakota                         Attorneys for defendant and
                                                                         appellee Gary Tinkcom, as
                                                                        personal representatives of the
                                                                        Estate of William Tinkcom.

#30698

MYREN, Justice

[¶1.]     The Nelson Estate asserted eight claims stemming from its alleged interest in a coin shop (the Business) as well as a claim for conversion of its property.  Without filing an answer, the Defendants (the Tinkcom Estate, Eddie Welch, and Mere Coin Company, LLC (Mere)) filed a motion for judgment on the pleadings, asserting a statute of limitations defense.  The circuit court granted the motion for judgment on the pleadings, concluding the statute of limitations barred all the Nelson Estate's claims.  The Nelson Estate appeals, claiming the statute of limitations has not run and arguing equitable estoppel or fraudulent concealment bars the statute of limitations defense.  We affirm in part and reverse in part.

**Factual and Procedural Background**

[¶2.]     The following facts are taken from the Nelson Estate's complaint, viewed as true, and all reasonable inferences are granted in their favor as the nonmoving party.  *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (regarding review of a motion for judgment on the pleadings).

[¶3.]     William Tinkcom purchased the Business.  Dr. Earl Nelson provided money for that purchase in return for an ownership interest.  Their agreement was evidenced in a document signed by Tinkcom.  Ultimately, each partner held an equal share of the Business.

[¶4.]     Dr. Nelson died on March 13, 2013.  After his death, Tinkcom continued to operate the Business and verbally confirmed to Dr. Nelson's heirs on multiple occasions that the Nelson Estate owned a 50 percent interest in the

-1-

Business and that he would pay half the value of the Business to the Nelson Estate when he sold the Business or died.

[¶5.] Welch, an employee of the Business, was negotiating with Tinkcom to purchase the Business when Tinkcom died on January 25, 2022. After Tinkcom's death, Welch initially negotiated to buy the Business from both estates. The Nelson Estate was included as one of the sellers in two proposed asset purchase agreements.

[¶6.] Sometime in 2022, Welch and Tinkcom's Estate executed a purchase agreement for the Business. Despite initial negotiations, the Nelson Estate was not included in the final negotiations, agreement, or distribution of proceeds. The Tinkcom Estate sold the Business to Welch for $358,547. Tinkcom's Estate inventory showed the value of the sale and separately listed the balance of the business checking account as $356,092.78.

[¶7.] Craig Nelson and Amy Freed, Nelson's children and co-personal representatives of the Nelson Estate, sued Gary Tinkcom (as the personal representative of the Tinkcom Estate), Welch, and Mere.

[¶8.] In its first complaint, the Nelson Estate pled breach of contract, breach of the covenant of good faith, breach of implied contract (quantum meruit), unjust enrichment, promissory estoppel, and breach of fiduciary duty against the Tinkcom Estate. The Nelson Estate also pled tortious interference with a business relationship or expectancy and civil conspiracy against both the Tinkcom Estate and Welch. These first eight claims will be referred to as "the Business Interest Claims." Multiple exhibits were attached to the complaint.

[¶9.] The Nelson Estate amended the complaint and added a conversion claim against the Defendants, alleging that "certain valuable coins and collectible items" entrusted to the Business "for safe keeping" after Dr. Nelson's death were missing. They alleged the Defendants impermissibly converted the property, "either keeping it in their possession, selling it, or otherwise giving it away without compensating the Nelson Estate."[1]

[¶10.] Without filing answers, the Tinkcom Estate filed a motion for judgment on the pleadings, and Welch and Mere filed a motion for judgment on the pleadings and a motion to dismiss for failure to state a claim. However, the crux of each motion was an assertion that a statute of limitations barred all of the Nelson Estate's claims.

[¶11.] In its brief opposing the dispositive motions, the Nelson Estate argued: "the motions were procedurally improper and the claims were brought before the applicable statute of limitations expired, or alternatively, that dismissal was inappropriate because Defendants were equitably estopped or barred by fraudulent concealment from asserting a statute of limitations defense."

[¶12.] Two motion hearings were held in October 2023. Counsel for Welch and Mere argued that Dr. Nelson's death triggered the dissociation of the partnership between Tinkcom and Dr. Nelson and resulted in the accrual of any claims arising out of that partnership. The circuit court noted that it was

---

1. The valuables referenced in the conversion claim include gold Krugerrands (a type of South African coin) and other gold coins and valuable items.

-3-

procedurally unusual to file such motions before filing an answer and asked whether the answer should come first. Counsel for Welch and Mere responded,

> I could . . . I can file an answer in very short order, and file another motion for judgment on the pleadings, and . . . the standard is going to be exactly the same. The allegations and the pleadings are going to be exactly the same. There will be no substantive or functional difference in what the court is making the decision on[.]

[¶13.] The circuit court granted the Defendants' motions for judgment on the pleadings and dismissed all the Nelson Estate's claims against the Defendants. First, the circuit court relied on partnership law and reasoned that Dr. Nelson's death caused his dissociation from the partnership, resulting in the accrual of any claim stemming from the partnership. Second, the circuit court held that any claim for conversion accrued when the personal representatives were named to the Nelson Estate. Third, the circuit court applied the statute of limitations to the accrual dates it found for each claim and determined that the statute of limitations barred those claims. Lastly, the circuit court decided the Nelson Estate had not made reasonable efforts to justify an "equitable tolling" of the statute of limitations.

[¶14.] The Nelson Estate contends the circuit court erred by granting the Defendants' motion for judgment on the pleadings and raises three sub-issues: (a) whether the circuit court erred procedurally by granting the motion for judgment on the pleadings before the pleadings were closed, (b) whether the circuit court erred by holding the Nelson Estate's Business Interest Claims accrued upon Dr. Nelson's death and by failing to address the Nelson Estate's theories that Defendants were equitably estopped and barred by fraudulent concealment from asserting a statute of limitations defense, and (c) whether the circuit court erred by holding that the

Nelson Estate's conversion claim accrued upon the appointment of personal representatives for Dr. Nelson's Estate.

## Decision

[¶15.]     We review a ruling granting a motion for judgment on the pleadings de novo. *Slota v. Imhoff & Assocs., P.C.*, 2020 S.D. 55, ¶ 12, 949 N.W.2d 869, 873 (citing *N. American Truck & Trailer, Inc. v. M.C.I. Commc'n Serv's, Inc.*, 2008 S.D. 45, ¶ 6, 751 N.W.2d 710, 712). "Judgment on the pleadings provides an expeditious remedy to test the legal sufficiency, substance, and form of the pleadings." *Id.* (quoting *Loesch v. City of Huron*, 2006 S.D. 93, ¶ 3, 723 N.W.2d 694, 695). "It is only an appropriate remedy to resolve issues of law when there are no disputed facts." *Id.* (quoting *Loesch*, 2006 S.D. 93, ¶ 3, 723 N.W.2d at 695).

> **a.     *Whether the circuit court erred procedurally by granting the motion for judgment on the pleadings before the pleadings were closed.***

[¶16.]     SDCL 15-6-12(c) provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment[.]" Responsive pleadings "are an answer to a complaint, cross claim, third-party complaint, or reply to a counterclaim." *Guthmiller v. Deloitte & Touche, LLP*, 2005 S.D. 77, ¶ 8, 699 N.W.2d 493, 497 (citing SDCL 15-6-7(a)). Furthermore, pleadings encompass the pleadings themselves, exhibits attached to the pleadings, and materials referenced by the pleadings. *See* SDCL 15-6-10(c); *Kaiser Trucking, Inc. v. Liberty Mut. Fire Ins. Co.*,

2022 S.D. 64, ¶ 16 n.4, 981 N.W.2d 645, 651 n.4 (considering document referenced in the complaint "effectively incorporated" into the pleadings); *Nooney v. StubHub, Inc.*, 2015 S.D. 102, ¶ 8, 873 N.W.2d 497, 499 (same).

[¶17.]     SDCL 15-6-12(c) does not envision the filing of a motion for judgment on the pleadings before the pleadings are closed. This is likely because the answer, including counterclaims and affirmative defenses, can provide valuable context for the court to evaluate the merit of the claims in the complaint. The court can consider exhibits attached to the pleadings or materials referenced in the pleadings when assessing the claims in a complaint against a motion for judgment on the pleadings.

[¶18.]     Moreover, the rules of civil procedure clearly anticipate an affirmative defense, like the statute of limitations, to be first asserted in a responsive pleading. "[A] party is required to include a statute of limitations defense in its responsive pleadings." *Guthmiller*, 2005 S.D. 77, ¶ 8, 699 N.W.2d at 497 (citing SDCL 15-6-8(c)); SDCL 15-2-1 ("The objection that the action was not commenced within the time limited can only be taken by answer or other responsive pleading."); SDCL 15-6-8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense.").

[¶19.]     Here, the Defendants filed their motion for judgment on the pleadings prior to filing an answer. Consistent with SDCL 15-6-12(b) and (c), the motion should have been styled as a pre-answer motion to dismiss under SDCL 15-6-12(b) rather than a motion for judgment on the pleadings. However, we apply the same

standard for both motions and limit "a court's examination of the sufficiency of the pleadings to the pleadings themselves[.]" *See Healy Ranch P'ship v. Mines*, 2022 S.D. 44, 978 N.W.2d 768, 777 n.8. The circuit court applied the same standard that would have been applied to a motion to dismiss under SDCL 15-6-12(b), and the Nelson Estate has not demonstrated any prejudice arising from the court's consideration of the motion for judgment on the pleadings before the close of the pleadings. "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." SDCL 15-6-61. *See also Suvada v. Muller*, 2022 S.D. 75, ¶ 33, 983 N.W.2d 548, 559. We conclude that the circuit court's error in considering a motion for judgment on the pleadings before the pleadings were closed was harmless.

> ***b.***     ***Whether the circuit court erred by holding the Nelson Estate's Business Interest Claims accrued upon Dr. Nelson's death and by failing to address the Nelson Estate's theories that Defendants were equitably estopped and barred by fraudulent concealment from asserting a statute of limitations defense.***

[¶20.] The parties agree that the Nelson Estate's Business Interest Claims are subject to a seven-year statute of limitations.[2] The crux of the parties' dispute is *what* triggers accrual. The Nelson Estate argues accrual occurred in 2022 when

---

2.     Under SDCL 15-2-13(1)-(2), "[a]n action upon a contract . . . express or implied" or "upon a liability created by statute" "can be commenced only within six years after the cause of action shall have accrued[.]" One year is added by SDCL 29A-3-109, which suspends the statute of limitations "on a cause of action belonging to a decedent . . . for one year following the decedent's death but resumes thereafter unless otherwise tolled."

the Business was sold. The Defendants argue accrual occurred on March 13, 2013, when Dr. Nelson died.

[¶21.] "While the question of *what* constitutes accrual is one of law, the question of *when* accrual occurred is one of fact generally reserved for trial." *Huron Center, Inc. v. Henry Carlson Co.*, 2002 S.D. 103, ¶ 11, 650 N.W.2d 544, 548 (citing *Wissink v. Van De Stroet*, 1999 S.D. 92, ¶ 11, 598 N.W.2d 213, 215–16). "We review questions of law under the de novo standard of review." *Fair v. Nash Finch Co.*, 2007 S.D. 16, ¶ 5, 728 N.W.2d 623, 627.

[¶22.] "A cause of action accrues when 'the plaintiff either has actual notice of a cause of action or is charged with notice.'" *Huron Center, Inc.*, 2002 S.D. 103, ¶ 12, 650 N.W.2d at 548 (quoting *Strassburg v. Citizens State Bank*, 1998 S.D. 72, ¶ 10, 581 N.W.2d 510, 514 (citing SDCL 17-1-2, SDCL 17-1-3)). "Actual notice consists in express information of a fact." SDCL 17-1-2. "Constructive notice is notice imputed by the law to a person not having actual notice." SDCL 17-1-3. "One having actual notice of circumstances sufficient to put a prudent person on inquiry about 'a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself.'" *Strassburg*, 1998 S.D. 72, ¶ 10, 581 N.W.2d at 514 (quoting SDCL 17-1-4). The statute of limitations clock starts running when there is actual or constructive notice. *Id.* "A cause of action does not become 'complete and present' until the plaintiff can file suit and obtain relief." *Id.* ¶ 9 (citation omitted).

[¶23.] The Nelson Estate's complaint asserted that Dr. Nelson and Tinkcom were co-owners of the Business. The circuit court correctly accepted this assertion

as true. When two or more people "carry on as co-owners a business for profit[,]" a partnership is formed, "whether or not the persons intend to form a partnership." SDCL 48-7A-202(a). When Dr. Nelson died, he was dissociated from the partnership. *See* SDCL 48-7A-601(7)(i) ("A partner is dissociated from a partnership upon the occurrence of . . . [t]he partner's death[.]").

[¶24.] Upon Dr. Nelson's death and dissociation, the Nelson Estate had a right "to have the partner's interest in the partnership purchased pursuant to § 48-7A-701" or "to compel a dissolution and winding up of the partnership business under § 48-7A-801." SDCL 48-7A-405(b)(2)(ii)-(iii). SDCL 48-7A-405(c) provides "[t]he accrual of, and any time limitation on, a right of action for a remedy under this section is governed by other law." SDCL 48-7A-701(i) provides that: "[a] dissociated partner may maintain an action against the partnership . . . to determine the buyout price of that partner's interest," and this "action must be commenced within one hundred twenty days after the partnership has tendered payment or an offer to pay or within one year after written demand for payment if no payment or offer to pay is tendered." Thus, partnership law envisions the partnership offering a buyout or the estate of the deceased partner submitting a written demand if no offer is tendered. The Nelson Estate contends that neither of the triggering events in SDCL 48-7A-701—a written demand for a buyout or an offer to pay—occurred, so the claim had not accrued. Although SDCL 48-7A-701 requires an enforcement action within the specified time, it does not preclude the dissociated partner from immediately filing suit.

[¶25.] Upon Dr. Nelson's death, the Nelson Estate had the right to demand a buyout or dissolution under partnership law. Upon Dr. Nelson's death, his estate could "file suit and obtain relief." *Strassburg*, 1998 S.D. 72, ¶ 9, 581 N.W.2d at 514 (citation omitted). It is clear from the complaint that the Nelson Estate knew of Dr. Nelson's interest in the Business, knew of Dr. Nelson's death, and knew it had a right to recover Dr. Nelson's interest in the Business. While the Nelson Estate may not have fully comprehended its right to a buyout under partnership law, it did have notice of circumstances sufficient to put it on notice to inquire with reasonable diligence as to its rights to Dr. Nelson's partnership interest. Reasonable diligence would have led the Nelson Estate to knowledge about its options under partnership law—a buyout or a dissolution and winding up. Therefore, the Nelson Estate could have exercised its rights at Dr. Nelson's death.

[¶26.] The first six of the Business Interest Claims against Tinkcom accrued on March 13, 2013, when Dr. Nelson died. We affirm the circuit court's determination that the six Business Interest Claims accrued on March 13, 2013.

[¶27.] However, the Nelson Estate asserted two defensive theories to prevent the application of the statute of limitations. First, they argued that the Tinkcom Estate should be equitably estopped from asserting the statute of limitations because of Tinkcom's representations to the Nelson heirs. Second, they claimed that, based on the same representations, the statute of limitations should be tolled based on fraudulent concealment by Tinkcom. The circuit court did not address either of these defensive theories. Instead, the circuit court addressed "equitable tolling," a concept not relied on by the Nelson Estate. The circuit court erred when

it dismissed the first six of the Business Interest Claims based on the application of the statute of limitations because it had not addressed the two defensive theories advanced by the Nelson Estate that would operate to prevent the application of the statute of limitations. We reverse the dismissal of those claims and remand so that these defenses may be addressed in due course.

[¶28.] Most of the Business Interest Claims were only brought against the Tinkcom Estate. However, the tortious interference with a business relationship and civil conspiracy claims were also brought against Welch. The circuit court did not conduct any independent analysis of the statute of limitations' application to the tortious interference and civil conspiracy claims. These claims arise out of the Tinkcom Estate's sale of the Business to Welch in 2022. They are premised on the theory that the purchase agreement between Welch and the Tinkcom Estate was a civil conspiracy that interfered with the business relationship between the Nelson Estate and the Tinkcom Estate. Because the sale of the Business actuates those claims, they could not have accrued before that sale occurred. The circuit court erred when it dismissed the tortious interference and civil conspiracy claims on statute of limitations grounds. Accordingly, we reverse the circuit court's dismissal of those claims.

### c.    *Whether the circuit court erred by holding that the Nelson Estate's conversion claim accrued upon the appointment of personal representatives for Dr. Nelson's Estate.*

[¶29.]    The parties agree the Nelson Estate's conversion claim has a seven-year statute of limitations under SDCL 15-2-13(4) and SDCL 29A-3-109.[3]  Like the Business Interest Claims, the crux of the parties' conversion claim dispute is about *what* triggers accrual.  The Nelson Estate argues accrual occurred in 2022 when the Business was sold.  The Defendants argue accrual occurred on April 30, 2013, when the co-personal representatives of the Nelson Estate were named.

[¶30.]    "Conversion is the unauthorized exercise of control or dominion over personal property in a way that repudiates an owner's right in the property or in a manner inconsistent with that right." *Johnson v. Markve,* 2022 S.D. 57, ¶ 59, 980 N.W.2d 662, 678 (citation omitted).  "[T]he foundation for a conversion action 'rests upon the unwarranted interference by defendant with the dominion over the property of the plaintiff from which injury to the latter results.'" *Id.* ¶ 60 (citation omitted).  Four elements must be met for a conversion claim:

> (1) [plaintiff] owned or had a possessory interest in the property;
> (2) [plaintiff's] interest in the property was greater than the [defendant's];
> (3) [defendant] exercised dominion or control over or seriously interfered with [plaintiff's] interest in the property; and

---

3.    "An action for taking, detaining, or injuring any goods or chattels, including actions for specific recovery of personal property" "can be commenced only within six years after the cause of action shall have accrued[.]"  SDCL 15-2-13(4).  One year is added by SDCL 29A-3-109, which suspends the statute of limitations "on a cause of action belonging to a decedent . . . for one year following the decedent's death but resumes thereafter unless otherwise tolled."

(4) such conduct deprived [plaintiff] of its interest in the property.

*Estate of Thacker v. Timm*, 2023 S.D. 2, ¶ 41, 984 N.W.2d 679, 691–92 (alterations in original) (citation omitted).

[¶31.] The Nelson Estate asserted that it entrusted "certain valuable coins and collectible items" to the Business "for safe keeping" after Dr. Nelson's death. The sale of the Business to Welch occurred after the property was entrusted to the Business. The Nelson Estate alleged that this property went missing, and the Defendants impermissibly converted the property, "either keeping it in their possession, selling it, or otherwise giving it away without compensating the Nelson Estate." These facts, accepted as true, sufficiently state a claim for conversion. The issue, based on these facts, is when the conversion claim accrued.

[¶32.] "A personal representative is under a duty to settle and distribute the estate of the decedent in accordance with the terms of any probated and effective will and this code, and as expeditiously and efficiently as is consistent with the best interests of the estate." SDCL 29A-3-703(a). Furthermore, "every personal representative has a right to, and shall take possession or control of, the decedent's property[.]" SDCL 29A-3-709.

[¶33.] Craig and Amy were appointed as co-personal representatives of the Nelson Estate on April 30, 2013. To administer the Nelson Estate, Craig and Amy had the right to take possession and control of Dr. Nelson's property. After Dr. Nelson's death, the Nelson Estate "entrusted the valuables . . . at the premises of the Business for safekeeping." The complaint does not state when the Nelson Estate discovered these valuables were missing. The cause of action for conversion

could not accrue until the Nelson Estate knew or had reason to know the status of that property had changed. That fact is not contained in this record.

[¶34.] The Nelson Estate specifically alleged that it entrusted the property to the Business "after Nelson's death" (March 13, 2013). Theoretically, Tinkcom's Estate could have accomplished the conversion at any time after that date. However, the conversion claim was also brought against Welch and Mere. Although the record reveals that Welch was an employee of the Business before he purchased the Business in 2022, it is unclear from the record when his employment began. It appears that Welch created Mere, but it is not clear from this record when this occurred. The complaint does not allege when the conversion occurred, and the record does not establish when the conversion occurred or when the Nelson Estate became aware of the conversion. These facts are necessary for the circuit court to determine whether the statute of limitations had run on the Nelson Estate's conversion claims against any of the parties. We reverse the dismissal of the conversion claims.

## Conclusion

[¶35.] We affirm the circuit court's assessment of the accrual date of the first six of the Business Interest Claims. However, we reverse the circuit court's dismissal of those claims because the court did not resolve the defensive theories advanced by the Nelson Estate that could prevent the application of the statute of limitations. We remand so that those theories may be resolved in the ordinary course of this litigation. Similarly, we reverse the circuit court's dismissal of the tortious interference with a business relationship and civil conspiracy claims

-14-

against the Tinkcom Estate and Welch.  Finally, we reverse the dismissal of the conversion claims.

[¶36.]        JENSEN, Chief Justice, and KERN and DEVANEY, Justices, concur.

[¶37.]        SALTER, Justice, concurs specially.

SALTER, Justice (concurring specially).

[¶38.]        I join the Court's opinion, but I write specially to note that our decision today marks a departure from *Guthmiller v. Deloitte & Touche, LLP*, 2005 S.D. 77, 699 N.W.2d 493, where we held that a statute of limitations defense could only be presented in an "answer or other responsive pleading."  *Id.* ¶ 8, 699 N.W.2d at 497 (citing SDCL 15-2-1).  A motion for judgment on the pleadings is not, of course, a pleading in the true sense under our rules of civil procedure.  *See* SDCL 15-6-7(a) (listing responsive pleadings as an answer to a complaint, a cross claim, and a third-party answer).  In *Guthmiller*, we recognized SDCL 15-2-1's "pleadings" limitation and reversed the circuit court's decision to consider a statute of limitations defense first presented by motion.  The Nelson Estate raised a *Guthmiller* argument before the circuit court and in their appellate submissions, and I believe we should address it.

[¶39.]        The rule from *Guthmiller* that completely prevents a court from considering a statute of limitations defense presented in a motion to dismiss is, candidly, too finicky.  The sounder approach to noncompliance with the procedural requirements of SDCL 15-2-1 is to test it for prejudice, as the Court correctly does in the context of the separate SDCL 15-6-12(b)(5)—SDCL 15-6-12(c) error.