## DAVISON COUNTY et al, Respondents, v. WATERTOWN TILE & CONSTRUCTION CO. et al, Appellants.

### (196 N. W. 96.)

(File No. 5457. Opinion filed December 8, 1923.)

1. **Drains — Parties — County Commissioners Proper Parties with County to Enforce a Bond to Perform Contract Running to County.**

   The board of county commissioners are proper parties plaintiff with the county in an action on a bond given to insure the performance of a drainage contract, under Rev. Code 1919, Sec. 8465, though the county alone is named an obligee, such bond being under control of the county through its commissionrs, for under the authority of Const., Art. 21, Sec. 6, the Legislature dispensed with the incorporation of drainage districts and vested the necessary power by Rev. Code 1919, Secs. 8458-8491, in boards of county commissioners, and they in their official capacity are charged with the conduct of affairs of the unincorporated drainage district.

2. **Principal and Surety—Pleadings—Demurrer—General Allegation of Performance of Conditions Precedent Held Sufficient.**

   In an action on a bond to insure the performance of a contract, a general allegation that plaintiff has performed all conditions precedent on his part is sufficient on demurrer, in view of Rev. Code 1919, Sec. 2366, though failing to allege notice to the surety of default of the principal as provided in the bond.

Appeal from Circuit Court, Davison County; Hon. FRANK B. SMITH, Judge.

Action by Davison County and its Board of County Commissioners against the Watertown Tile & Construction Company and the Western Surety Company, defendants. From an order

overruling a demurrer, defendant surety company appeals.   Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Roscoe Satterlee* and *Hitchcock & Sickel,* all of Mitchell, for Respondents.

Appellant cited:   Bliss Code Pleading, 2d Ed., Sec. 414; Mann v. Marsh, 21 How. Pr. 372; Walrath v. Handy, 24 How. Pr. 353; Ritchmyer v. Ritchmyer, 50 Barb. 55; Berkshire v. Shultz, 25 Ind. 523; Goodnight v. Goar, 30 Ind. 418; Debolt v. Carter, 31 Ind. 355; Lippert v. Edwards, 39 Ind. 165; Fatman v. Leet, 41 Ind. 133; Read v. Sang, 21 Wis. 678; Barges v. O'Neil, 13 Ohio St. 72.

Respondent cited:   30 Cyc. 35; Rev. Code 1919, Sec. 2306.

GATES, J.   [1] This is an action brought by Davison county and its board of county commissioners upon a bond given to insure the faithful performance of a drainage contract pursuant to the provisions of section 8465, Rev. Code 1919.   Davison county is the obligee named in the bond.   The defendant surety company demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action and upon the ground that several causes of action were improperly united. The demurrer was overruled.   The surety company appeals.

The points made by appellant are:

(a)   "The bond upon which this action is brought runs to Davison county alone.   That without showing any assignment, or right or interest to the proceeds thereof in any one else, five other parties designating themselves as county commissioners have united as plaintiffs, and this whole body, consisting now of Davison county and five individuals, seek to recover damages on such bond.

(b)   "That the bond on its face shows that Davison county should in case of default of the principal contractor 'promptly after the occurrence and within three days after the discovery of the default' notify the surety by registered mail, and failure to give such notice discharges the surety.   No allegation appears of such notice having been given."

[2]   As to point (b) it is only necessary to state that there is an allegation in the complaint which conforms to section 2366, Rev. Code 1919.

Point (a) is likewise of no avail to appellant. By article 21, § 6, of the Constitution, the Legislature was empowered to provide for either of two methods in authorizing drainage work. It might provide for incorporated drainage districts and vest the corporate authorities thereof with the necessary power, or it might dispense with the incorporation of drainage districts and vest the necessary power in the corporate authorities of counties, townships, or municipal corporations. In preparing for what the Code calls "Intra-state Drainage," §§ 8458-8491, Rev. Code 1919, the Legislature chose the latter method, and vested the necessary power in the corporate authorities of counties, to wit, the boards of county commissioners. Under this law the county is the legal entity in the performance of the work and such work is county work. Funds accruing in drainage matters are funds which are in the control of the county. John W. Tuthill Lbr. Co. v. McMackin, 31 S. D. 507, 141 N. W. 382. It would follow, therefore, as a matter of course, that a bond given to secure the performance of a drainage contract under section 8465, Rev. Code 1919, is under the control of the county through its board of county commissioners. The members of such board were properly made parties plaintiff, because by reason of the statute they, in their official capacity, are charged with the conduct of the affairs of the unincorporated drainage district. Said section 8465 does not say who the obligee of the bond shall be. If the board of county commissioners of Davison county had been named as the obligee, then perhaps the county would not have been a necessary party plaintiff, but even then it would have been a proper party plaintiff. Davison county was, however, named as the obligee, and the surety should not be heard to complain of its being joined with the board as a party plaintiff.

It is clear that but one cause of action is stated in the complaint and that the complaint does state a cause of action against the surety.

The order appealed from is affirmed.

Note.—Reported in 196 N. W. 96. See, Headnote (1), American Key-Numbered Digest, Drains, Key-No. 49, 19 C. J. Sec. •170 (see 1925 Anno.); (2) Principal and surety, Key-No. 155, 32 Cyc. 128 (see 1924 Anno.).

On Rev. Code 1919, Sec. 2366, see annotations, Kerr's Cyc. Codes, 1920, Civ. Pro., Sec. 457.