DAVISON COUNTY et al., Respondents, v. WATERTOWN TILE & CONSTRUCTION COMPANY et al, Defendants (Western Surety Company, Appellant.)

(210 N. W. 976.)

(File No. 6211.   Opinion filed November 20, 1926.)

1. **Drains—Contracts—Under Contract to Furnish Tile and Guarantee It for 5 Years, Having Provision that 20 Per Cent. of Pay Should Be Retained Until Contract Was Completed, Full Payment When Tile Was Furnished Did Not Release Surety from Liability on Bond.**

   Under contract with county to furnish tile for drainage ditch, with provisions that tile must be guaranteed for 5 years by surety bond, and that 20 per cent. of payments should be retained until contract was completed and accepted, payment in full when tile was furnished and accepted did not release surety company from liability on bond, since contract was not meant to provide that 20 per cent. should be retained until 5-year maintenance period had expired.

2. **Appeal and Error—Evidence.**

   Where trial court has certified exhibits as part of record and as read at trial, reviewing court will, in absence of any objection, presume that they were admitted.

3. **Drains—Surety—Notice—Contractor's Surety, Guaranteeing Maintenance of Tile, Held Not Released of Liability by Want of Notice Where County Had Notified by Letter as Soon as Defects Were Discovered and Surety Had Replied.**

Where contractor's surety bond guaranteeing tile for 5 years provided that county should notify surety within 3 days after discovery of any default of contractor, and evidence showed that county had notified them of defects by letter as soon as discovered, and surety had replied that contractor had agreed to attend to it, and asked county to let them know if contractor had done so, **held**, surety was not released of liability by want of notice.

4. **Appeal and Error—Instruction, in Suit on Surety Bond Guaranteeing Tile, that Jury, in Determining Whether Presumption that Tile Not Examined Were Sound Was Overcome, Could Consider Evidence as to Tile Examined. if Error, Held Not Prejudicial.**

In suit on bond of contractor's surety guaranteeing tile for 5 years, instruction that jury might consider evidence as to tile examined in determining whether such evidence was sufficient to overcome presumption that all tile not examined were sound, if error, as implying that evidence was required to overcome a presumption that tile not examined were sound, **held** not prejudicial to surety.

5. **Drains—Evidence.**

In suit on surety bond guaranteeing tile, recovery was not limited to tile actually examined and found defective, but evidence of tile examined could be considered in determining condition of tile not examined.

6. **Drains.**

Evidence **held** to support verdict for full amount of bond, which was contract price, guaranteeing drainage ditch tile for 5 years for shaling, disintegration, or failing under load.

Note.—See, Headnote (1), American Key-Numbered Digest, Drains, Key-No. 49, 19 C. J. Sec. 176; (2) Appeal and error, Key-No. 926(2), 4 C. J. Sec. 2702 (Anno); (3) Drains, Key-No. 49, 19 C. J. Sec. 173 (Anno.); (4) Appeal and error. Key-No. 1064(1), 4 C. J. Sec. 3013; (5) and (6) Drains, Key-No. 49, 19 C. J. Sec. 175.

Appeal from Circuit Court, Davison County; Hon. R. C. Bakewell, Judge.

Action by Davison County and others against the Watertown Tile & Construction Company and the Western Surety Company. From a judgment for plaintiff and an order denying a new trial, the Western Surety Company alone appeals. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Frank W. Mitchell* and *Hitchcock & Sickel,* all of Mitchell, for Respondent.

MORIARTY, C. This action is now before this court for the third time. The first appeal was from an order overruling a demurrer to the complaint. The decision in that appeal will be found in 47 S. D. 101, 196 N. W. 96. The second appeal was from an order refusing to vacate a default judgment against appellant herein. This order was reversed and appellant allowed to answer. The decision on this second appeal will be found in 48 S. D. 24, 201 N. W. 1005.

This action is on a bond given to insure the performance of certain acts by Watertown Tile & Construction Company. The said Watertown Tile & Construction Company and the Western Surety Company were made defendants and a jury trial resulted in a verdict in favor of Davison county and against each of the defendants in the sum of $14,733.57 and costs. From this judgment and an order denying a new trial the Western Surety Company alone appeals.

The relevant facts are as follows:

In April, 1920, the Watertown Tile & Construction Company contracted to furnish certain tile to be placed in a drainage ditch in Davison county. The contract price of this tile was $14,733.57. This contract provided that the contractor should furnish certain quantities and dimensions of tile at the ditch side for the above-mentioned aggregate price; that payments should be made monthly upon engineer's estimates, 20 per cent. of the pay to be retained by the county until the entire contract was completed and accepted. And the contract contained this further provision:

"The contractor shall furnish a surety bond guaranteeing the tile for a period of five years for any maintenance costs due to defective tile or deterioration caused by alkaline soil. At any time within this five-year period the tile shall be required to meet the strength test required in the second paragraph of these specifications; should the tile fail to meet these tests they shall be replaced and relaid at the expense of the contractor."

Section 2 of the specifications, which, by reference, are made a part of both the contract and the bond, contains the following provisions:

"Tile must be capable of withstanding one and one-half times the load to which they will be subjected as shown by the profile, and shall conform to the standard specifications for drain tile as adopted by the American Society for Testing Materials."

"All tile must be guaranteed by a surety bond, satisfactory to the attorney and the board of commissioners, for a period of five years, for shaling, disintegration or failing under load."

A bond was furnished in the sum of $14,233.57 with appellant as surety. This bond provides:

"Now, therefore, if the said first parties shall well and faithfully perform their part of the contract and maintain the same for five years, according to sections 2 and 20 of the specifications attached to said contract, according to said plans and specifications, then this obligation to be void, otherwise to remain in full force and virtue."

The evidence produced at the trial shows that before the expiration of the five-year period the tile broke down under its load in several places. The ditch was opened up in about 25 places, and the city engineer of the city of Mitchell, a qualified graduate engineer, got inside the run of the larger tile and examined it from the inside. Sound tile and tile which was cracked, shaling, or disintegrating were found to be intermingled. Of 446 pieces examined in this way 77 pieces appeared sound and 369 pieces damaged to an extent varying from cracked or shaling to broken down or badly disintegrated. This engineer testified that in his opinion the cheapest way to remedy the condition would be to dig up the entire run of tile and relay the drain with sound tile, and he gave his estimate of the cost. This testimony was not disputed. The verdict was for the full amount of the bond, which was the original contract price of the tile. Fourteen samples of tile, or pieces of tile, removed from the ditch were put in evidence, and the jury had an opportunity to see their actual condition.

Appellant contends that it is released from liability on the bond:

First, because the respondent paid the contractor in full instead of retaining 20 per cent. as provided by the terms of the contract.

[1] But the reasonable construction of the contract is that this provision for retaining 20 per cent. means that this part should

be retained until the tile was furnished and accepted, and was not meant to provide for retaining that per centage of the pay until the five-year maintenance period had expired. The bond specifically covers this maintenance risk.

Second, appellant contends that it is released from liability because the bond provides that the county shall notify the surety within three days after the discovery of any default of the contractor, and that the defects in the tile were discovered in September, 1922, and appellant received no notice of such defects until the suit was begun in April, 1923.

[2] While the record of their admission is not entirely satisfactory, Exhibits V and W are certified by the trial judge as part of the record and as evidence read at the trial. The reporter's transcript shows that these exhibits were offered by the respondent, and it does not show that any objection to their admission was interposed. The ruling of the court on the offer is not shown, but, in the absence of any objection, when the judge of the trial court certifies them as part of the record and as read at the trial we will presume that they were admitted.

[3] Exhibit V is a copy of a letter dated September 9, 1922, signed by the county auditor of Davison county, addressed to the Western Surety Company, and notifying it of the alleged defects in the tile. Exhibit W is a letter from the appellant surety company to the county auditor. This letter is dated November 11, 1922, and says:

"On September 9th, you notified us of a default in the tile in connection with drainage ditch No. 11, which tile was laid by the Watertown Tile & Construction Co.

"Upon receipt of your advice we immediately got in touch with the Watertown Tile Co. They advised us that they will attend to it. Will you kindly advise us if they have done so?"

These exhibits shows that there is no merit in appellant's contention that it is released of liability by want of notice.

[4] Third, appellant contends that there is no evidence sufficient to support a verdict for the amount of the judgment. Appellant's counsel argue that any recovery should be limited to the tile actually examined and found defective, or to the amount which respondent proved that it had actually expended in making the

required repairs. The court instructed the jury that they might consider the evidence as to the examination made in determining whether such evidence in their judgment was sufficient to overcome the presumption that all tile not examined were sound, and to render their verdict accordingly.

[5] There is no error prejudicial to appellant in this instruction. Appellant's counsel had requested an instruction that there was a presumption that tile not examined were sound, and that respondent's recovery must be limited to the cost of replacing tile actually examined and found to be defective. The court's instruction that the jury had a right to consider the evidence as to the examination in determining the condition of those tile not examined was proper. The implication that there was a presumption that tile not examined were sound and that evidence was required to overcome such presumption may have been erroneous, but any such error could not prejudice appellant, and it was invited by appellant.

[6] The city engineer, Smith, testified as to the reasonable cost of tile and labor to relay the tile, and the amount of the verdict was about $7,000 below his estimate.

There is evidence to support the verdict, and no prejudicial error in the record has been pointed out.

The judgment and order appealed from are affirmed.