OLAWSKY et al., Respondents
v.
CLAUSEN et al., Appellants

(212 N.W.2d 653)

(File No. 11101. Opinion filed November 21, 1973)

Lloyd J. Mahan, Parkston, for plaintiffs and respondents.

John L. Wilds, Sioux Falls, for defendants and appellants.

DOYLE, Justice.

The respondents entered into a contract with the appellants in 1968, wherein the respondents agreed to sell and the appellants agreed to buy 500 shares of corporate stock for the sum of $60,000. The contract provided for a $15,000 down payment and the balance plus interest to be paid over a period of years in annual installments as follows:

| | |
|---|---|
| January 1, 1969 | $ 3,000.00 |
| January 1, 1970 | 5,000.00 |
| January 1, 1971 | 7,000.00 |
| January 1, 1972 | 10,000.00 |
| January 1, 1973 | 10,000.00 |
| January 1, 1974 | 10,000.00 |

In January 1969, the appellants brought an action to rescind the contract alleging fraud and deceit on the part of the respondents herein, which will be referred to as the "first action". The respondents served their answer on February 26, 1969. The trial court found that no false representations had been made and entered judgment accordingly, from which judgment no appeal was taken.

In May 1970, the respondents commenced the action here on appeal, which is referred to as the "second action", alleging that the appellants were in default on the contract since the 1969 and 1970 installments were unpaid. The complaint requested judgment for the balance due under the contract. In answer, the appellants asserted the claim alleged in the respondents' complaint should have been raised as a compulsory counterclaim in the "first action" under SDCL 15-6-13(a). In addition, the appellants counterclaimed alleging fraud and deceit and asked for rescission of the contract. The respondents replied stating that the

prior judgment entered on the first case was res judicata as to the cause of action raised by the counterclaim. Both parties then moved for dismissal of the others' respective pleadings. The trial court denied the appellants' motion, but granted the respondents' motion to the extent of striking certain parts of the answer and dismissing the counterclaim. Thereafter, the trial court granted the respondents' motion for summary judgment for the full balance due under the contract.

The appellants contend that the trial court erred in ruling that the claim raised in the "second action" was a permissive counterclaim.

SDCL 15-6-13(a) is identical to Rule 13(a) of the Federal Rules of Civil Procedure, reading as follows:

> *"Compulsory counterclaims.*—A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if
>
>> (1) at the time the action was commenced the claim was the subject of another pending action, or
>>
>> (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under § 15-6-13, or
>>
>> (3) if the claim is not one over which the court would have jurisdiction if brought as an original action."

The present question is whether the respondents' claim fits within the category of having arisen out of the same transaction or occurrence upon which the "first action" was based.

There appears to be no all-encompassing definition of the term "transaction or occurrence", nor does one seem particularly desirable. Most courts, rather, in attempting to determine whether a specific counterclaim is compulsory or permissive in nature, have suggested certain standards. Four standards have been suggested:

> "1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
>
> 2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?
>
> 3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?
>
> 4) Is there any logical relation between the claim and the counterclaim?" [1]

An affirmative answer to any one of these standards posed would mean that the counterclaim is compulsory.

We note in our review of the authorities that the fourth standard is preferred. Moore v. New York Cotton Exchange, 1926, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750; National Equipment Rental, Ltd. v. Fowler, 1961, 2 Cir., 287 F.2d 43; United Fruit Co. v. Standard Fruit and Steamship Co., 1968, D.C.Mass., 282 F.Supp. 338; Wright & Miller, Federal Practice and Procedure: Civil § 1410; 3 Moore's Federal Practice, 2nd Ed.

---

1. Wright & Miller, Federal Practice and Procedure: Civil § 1410.

¶ 13.13; Wright, Estoppel By Rule: The Compulsory Counter-claim Under Modern Pleading, 38 Minn.L. Rev. 423 at 440.[2]

The United States Supreme Court case of Moore v. New York Cotton Exchange, supra,[3] is illustrative of the "logical relation" standard. In holding that the counterclaim involved was compulsory, the court stated:

> " 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. * * * Essential facts alleged by appellant [plaintiff] enter into and constitute in part the cause of action set forth in the counterclaim. That they are not precisely identical, or that the counterclaim embraces additional allegations * * * does not matter. To hold otherwise would be to rob this branch of the rule of all serviceable meaning, since the facts relied upon by the plaintiff rarely, if ever, are, in all particulars, the same as those constituting the defendant's counterclaim."

This standard has also been suggested in Parmelee v. Chicago Eye Shield Co., 1946, 8 Cir., 157 F.2d 582.

■ Harsh consequences result from the failure to plead a compulsory counterclaim. National Equipment Rental, Ltd. v. Fowler, supra. There can be no other result since the objective of the rule is the settlement of all "logically related" disputes between the parties in a single lawsuit. As stated by Professor Wright:

---

2. Absent authority in this jurisdiction involving a Rule of Procedure sub-stantially identical to the Federal Rules of Civil Procedure, we direct our attention to the federal courts for the meaning previously given by those courts. In re Estate of Hobelsberger, 1970, 85 S,D. 282, 181 N.W.2d 455.

3. The *Moore* decision was interpreting the old Equity Rule 30 which has since been replaced by Rule 13(a). However, the case according to Pro-fessor Moore, 3 Moore's Federal Practice, 2nd Ed. ¶ 13. 13, and we agree, is authority under Rule 13(a) since the present rule is broader in scope than the old one.

"The purpose of compelling counterclaims which are related to the principal claim is to reduce the volume of litigation and promote the just, speedy, and inexpensive determination of controversies by barring relitigation of the same set of facts."[4]

In this action, the record is clear that at the time the respondents served their answer in the "first action" the appellants were in default on the contract for failure to make the 1969 payment. Therefore, the cause of action had accrued. It is our opinion that there was a logical relation between the appellants' "first action" and the "second action". Consequently, we hold the cause of action for the payment due on January 1, 1969, was a compulsory counterclaim and the respondents should have been precluded from maintaining any independent action to collect it. The case of Mercury Insurance Co. v. Berea Ruegg v. Mercury Insurance Co., 1949, D.C.N.Y., 12 Fed.Rules Serv. 13a.11, Case 2, is supportive of our conclusion wherein the court held in a suit brought to void an insurance policy on the ground of fraud that a counterclaim for the amount of the loss allegedly covered by the policy was a compulsory counterclaim.

However, according to 1 Am.Jur.2d, Actions, § 138:

"A contract to pay money in instalments is divisible in its nature and hence, each default in the payment of an instalment may be the subject of an independent action, provided it is brought before the next instalment becomes due; but all instalments due at the time action is commenced should be included unless special circumstances exist, for generally speaking, a recovery for one instalment will bar an action for the recovery of other instalments then due."

Therefore, the remainder of the respondents' claim may be sustained on the ground that it is an independent action accruing after the commencement of the "first action". Other errors are assigned, but they are without merit.

4. Wright, Estoppel By Rule: The Compulsory Counterclaim Under Modern Pleading, 38 Minn.L.Rev. 423, 431.

Reversed and remanded with directions to award damages to the respondents consistent with this opinion.

All the Justices concur.