#27408-aff in pt, rev in pt-SLZ

**2015 S.D. 102**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JOHN K. NOONEY and
KIMBERLY NOONEY,                              Plaintiffs and Appellants,

    v.

STUBHUB, INC.,
a Delaware Corporation,                       Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE WALLY EKLUND
Judge

* * * *

ROBERT J. GALBRAITH of
Nooney & Solay, LLP
Rapid City, South Dakota            Attorneys for plaintiffs
                                    and appellants.


JEFFERY D. COLLINS
DANA VAN BEEK PALMER of
Lynn, Jackson, Shultz & Lebrun, P.C.
Rapid City, South Dakota            Attorneys for defendant
                                    and appellee.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 30, 2015

OPINION FILED **12/30/15**

#27408

ZINTER, Justice

[¶1.] John and Kimberly Nooney sued StubHub Inc. after tickets they purchased from StubHub for a concert were not honored at the event. In granting StubHub's motion to dismiss for failure to state a claim, the circuit court considered a document that was not attached to the complaint. On appeal, Nooneys argue that the court erred in considering the document without converting the motion to dismiss to a motion for summary judgment. Nooneys also argue that the court erred in dismissing the complaint on the merits. We affirm the court's consideration of the document because it was referenced in the complaint, but we reverse the court's dismissal on the merits.

*Facts and Procedural History*

[¶2.] In June 2014, Nooneys purchased tickets from StubHub for a concert in Colorado. The day of the concert, they traveled to the concert venue and presented their tickets. The tickets were invalid, and Nooneys were denied access to the concert. On October 21, 2014, they commenced this action for breach of contract and fraudulent inducement.

[¶3.] Nooneys' complaint alleged StubHub made representations that the tickets would allow access to the concert. In the event that the tickets were invalid, Nooneys pleaded that the StubHub "Fan*Protect* Guarantee" represented that StubHub would provide comparable replacement tickets. Nooneys pleaded that after being denied access to the event, StubHub informed them that StubHub would not honor the Fan*Protect* Guarantee.

[¶4.]     StubHub moved to dismiss under SDCL 15-6-12(b)(5), arguing that Nooneys' complaint failed to state a claim upon which relief could be granted.  In support of the motion, StubHub submitted an affidavit of a StubHub employee.  The affidavit included four exhibits: (1) screen shots of a StubHub registration page and a user agreement link, (2) a copy of a 2010 user agreement that was in effect when John Nooney initially registered with StubHub, (3) a copy of a 2014 user agreement that was in effect when John Nooney purchased the tickets for the concert, and (4) a screen shot of the StubHub Fan*Protect* Guarantee.

[¶5.]     Nooneys responded with an affidavit and brief.  After a hearing, the circuit court granted the motion.  The court's memorandum decision reflects that the court relied solely on the complaint and the StubHub Fan*Protect* Guarantee.

[¶6.]     Nooneys' appeal presents two questions.  First, a procedural question—whether the court erred in considering the Fan*Protect* Guarantee without treating the motion to dismiss as a motion for summary judgment.  Second, a substantive question—whether Nooneys' complaint failed to state a claim upon which relief could be granted.

*Decision*

[¶7.]     A court may not consider documents "outside" the pleadings when ruling on a motion to dismiss for failure to state a claim.  SDCL 15-6-12(b)(5).  If "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."  *Id.*

[¶8.]     In this case, the Fan*Protect* Guarantee was not "outside" of the pleadings.  Nooneys effectively incorporated the Fan*Protect* Guarantee in their

complaint by referencing it twice and pleading that their claims were based on representations made in that guarantee. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007) (explaining that it is proper for a court to consider documents incorporated by reference in a motion to dismiss for failure to state a claim); 5B Wright & Miller § 1357 (3d ed. 2004 & Supp. 2007) (same).[1] Because the Fan*Protect* Guarantee was not "outside" the pleadings, the court did not err in considering the Fan*Protect* Guarantee in deciding StubHub's motion to dismiss.

[¶9.] The second question—whether Nooneys' complaint failed to state a claim upon which relief could be granted—is a question of law we review de novo. *See Wells Fargo Bank, N.A. v. Fonder*, 2015 S.D. 66, ¶ 6, 868 N.W.2d 409, 412. A complaint need only contain a short plain statement of the claim showing the pleader is entitled to relief and a demand for judgment for the relief to which the pleader deems himself entitled. SDCL 15-6-8(a); *Gruhlke v. Sioux Empire Fed. Credit Union, Inc.*, 2008 S.D. 89, ¶ 17, 756 N.W.2d 399, 409. Although a complaint need not have detailed factual allegations, it must contain more than labels and conclusions and a formulaic recitation of the elements of a cause of action. *Gruhlke*, 2008 S.D. 89, ¶ 17, 756 N.W.2d at 409. "The rules 'contemplate a statement of circumstances, occurrences and events in support of the claim presented.'" *Id.* (quoting *Sisney v. Best,* 2008 S.D. 70, ¶ 7, 754 N.W.2d 804, 808).

---

1. "Though federal interpretations of federal civil and appellate procedural rules are not binding on us in an interpretation of like rules in our State's courts, it is appropriate to 'turn to the federal court decisions for guidance in their application and interpretation.'" *Sander v. Geib, Elston, Frost Prof'l Ass'n*, 506 N.W.2d 107, 122 (S.D. 1993) (citation omitted).

#27408

[¶10.]     The circuit court dismissed Nooneys' complaint based on the court's interpretation of the Fan*Protect* Guarantee. The court explained that the guarantee provided that in the event the tickets were invalid, StubHub would *either* find replacement tickets *or* offer a refund. Emphasizing that these representations were alternatives, the court dismissed the case because Nooneys failed to allege that StubHub both failed to find replacement tickets *and* failed to refund the ticket price.

[¶11.]     In rendering its decision, the court relied on the Fan*Protect* Guarantee "summary," which indicated that ticket replacement and refunds were alternatives.[2] The court, however, overlooked the actual language of the guarantee that followed the summary. The actual language expressly stated that in the event tickets were invalid, StubHub would first attempt to find replacement tickets, and if that was unsuccessful, it would then provide a refund. The guarantee provided:

> If the tickets you ordered are invalid and not honored by the venue, call us at 1.866.STUBHUB (1.866.788.2482) from the venue and *StubHub will attempt to locate replacement tickets for you. If StubHub cannot locate replacement tickets, upon confirmation that the tickets were invalid for entry, StubHub will*

---

2.     The summary provided:

> Summary of StubHub guarantee to Buyers:
> - You will get your tickets in time for the event
> - Your tickets will be valid for entry
>
> If any of these things do not occur, we will find you comparable or better tickets to the event, or offer you a refund

-4-

> *provide you with a refund for the cost of the tickets*, including service fees and shipping and handling charges.

(Emphasis added.)

[¶12.]     Fairly read, Nooneys' complaint pleaded that StubHub skipped the first step—an "attempt to locate replacement tickets." As Nooneys' counsel specifically argued at the hearing, Nooneys pleaded that StubHub did not follow this first step:

> first we'll try to find you replacement tickets, and if we cannot find you replacement tickets, then we'll give you a refund. Well, StubHub has skipped a step, Your Honor. They have not suggested and there's no evidence, nor can we get there until there is discovery, that any efforts were taken to find replacement tickets.

[¶13.]     Considering the actual language of the guarantee, Nooneys' pleaded facts constitute a statement of circumstances, occurrences and events that would support claims of breach of contract and fraudulent inducement. Nooneys pleaded that after they were denied access to the concert, StubHub informed them that StubHub would not honor the Fan*Protect* Guarantee, which required StubHub to attempt to find replacement tickets. As a result, Nooneys pleaded that they were denied access to the concert and suffered damages. The failure to make any attempt to find replacement tickets, if proven to be true, could constitute a breach of contract. *See Gul v. Ctr. for Family Med.*, 2009 S.D. 12, ¶ 10, 762 N.W.2d 629, 633 (stating the "elements that must be met in a breach of contract claim are: (1) an enforceable promise; (2) a breach of the promise; and (3) resulting damage."). With respect to fraudulent inducement, Nooneys pleaded that StubHub knew the representations embodied in the Fan*Protect* Guarantee were untrue or recklessly made; that those representations were made to entice the Nooneys to purchase

tickets; and that the representations enticed Nooneys into purchasing the tickets to their detriment. These pleaded facts, if found to be true, may support a claim for fraudulent inducement. *See Law Capital, Inc. v. Kettering*, 2013 S.D. 66, ¶ 15, 836 N.W.2d 642, 646 ("Fraudulent inducement entails willfully deceiving persons to act to their disadvantage."); *see also* SDCL 20-10-1 to -2(2) (defining deceit and the relevant acts constituting deceit).

[¶14.]     We conclude that the circuit court properly considered the guarantee without treating the motion as a motion for summary judgment. We also conclude that the Nooneys' complaint states a claim upon which relief could be granted. The circuit court's contrary decision was not based on the actual language of the guarantee. We affirm in part and reverse in part.

[¶15.]     GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN, Justices, concur.