#29612-r-JMK
**2022 S.D. 64**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

KAISER TRUCKING, INC. and
DAVID SIMONS,                                        Plaintiffs and Appellants,

v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,                            Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JOSHUA HENDRICKSON
Judge

\* \* \* \*

ROBERT J. GALBRAITH
JARED D. NOONEY of
Nooney & Solay, LLP
Rapid City, South Dakota                         Attorneys for plaintiffs and
                                                               appellants.


JACK H. HIEB
ZACHARY W. PETERSON of
Richardson, Wyly, Wise,
   Sauck & Hieb, LLP
Aberdeen, South Dakota                           Attorneys for defendant and
                                                               appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
NOVEMBER 8, 2021
OPINION FILED **10/26/22**

#29612

KERN, Justice

[¶1.]	David Simons, an agent of Kaiser Trucking, Inc., was in an automobile accident with an insured of Liberty Mutual Fire Insurance Company. Kaiser Trucking and Simons received default judgments against the insured and, after the judgments were returned unsatisfied, pursued an action against Liberty Mutual to indemnify the judgments against its insured. Liberty Mutual moved to dismiss Kaiser Trucking and Simons's complaint under SDCL 15-6-12(b)(5), alleging they failed to plead a condition precedent to coverage under the policy, which required prompt notification to Liberty Mutual of the accident or of the lawsuit against its insured. The circuit court ruled in Liberty Mutual's favor and dismissed the complaint. We reverse and remand for further proceedings.

**Factual and Procedural Background**

[¶2.]	On September 8, 2015, Bianca Spotted Thunder was in an automobile accident with David Simons, an agent of Kaiser Trucking. Simons was driving a semi-truck and trailer on a highway in Oglala Lakota County. Spotted Thunder was a permissive user of the vehicle she was driving, an SUV owned by her father, Charles Spotted Thunder. He was insured under a Liberty Mutual policy. The police report indicates that Spotted Thunder's vehicle crossed over the center line and hit the semi-truck Simons was driving. At the accident scene, law enforcement observed that Spotted Thunder had a strong odor of an alcoholic beverage on her breath and, after a preliminary breath test, her blood alcohol content registered above 0.1. Some of Spotted Thunder's statements at the scene suggested that the accident may have been an attempted suicide.

[¶3.] On July 19, 2017, Kaiser Trucking and Simons commenced an action against Spotted Thunder, alleging she was negligent in the operation of her motor vehicle and seeking to recover damages from the accident. She failed to answer, and they received a default judgment against her on December 6, 2019. Kaiser Trucking was awarded $36,977.06 and Simons $146,619.80, and the court awarded both plaintiffs pre- and post-judgment interest. These judgments remain unsatisfied.

[¶4.] On December 1, 2020, Kaiser Trucking and Simons (for simplicity, hereinafter Kaiser Trucking) filed a complaint against Liberty Mutual Group, Inc. requesting a declaration that Liberty Mutual be ordered to "pay the Judgment entered against its insured, Bianca Spotted Thunder," and requesting indemnification for the amount of the judgments levied against Spotted Thunder.[1]

[¶5.] On December 30, 2020, Liberty Mutual moved to dismiss Kaiser Trucking's complaint under SDCL 15-6-12(b)(5) for failure to state a claim upon which relief may be granted. Liberty Mutual asserted that, under SDCL 58-23-1, an injured party may only bring an action for an unsatisfied default judgment against an insurer "under the terms of the [insurance] policy . . . ." Liberty Mutual then argued that the complaint did not allege facts showing that the accident with

---

1. The complaint was originally against Liberty Mutual Group, Inc., which is a distinct entity from Liberty Mutual Fire Insurance Company. However, both entities were represented by the same attorney and made the same arguments. Eventually, Kaiser Trucking's complaint was amended without objection to reflect the proper Liberty Mutual defendant. For this reason, and for simplicity, both entities will be referred to as "Liberty Mutual" unless the distinction between the two is relevant to discussing the amendment of the complaint to the correct defendant's name.

Spotted Thunder came within the coverage of its policy or that Spotted Thunder complied with her obligations under the policy, which Liberty Mutual alleged were conditions precedent to its obligation to defend and indemnify the claim. Specifically, Liberty Mutual emphasized that Kaiser Trucking failed to allege that Spotted Thunder, or Kaiser Trucking itself, provided notice of the accident to Liberty Mutual.

[¶6.] In support of its motion to dismiss, Liberty Mutual attached a copy of Charles Spotted Thunder's insurance policy in effect at the time of the accident, noting that the policy had been referenced in Kaiser Trucking's complaint. The Spotted Thunder policy, numbered AO22484037547058 (hereinafter the Policy), was in effect from August 4, 2015, to August 4, 2016. In Part E, the Policy sets forth the insured's duties after an accident or loss, providing:

> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
> A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.
> B. A person seeking any coverage must:
> 1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
> 2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

[¶7.] Kaiser Trucking moved to amend its complaint on January 25, 2021, to change the defendant from Liberty Mutual Group, Inc. to Liberty Mutual Fire Insurance Company. In its motion, Kaiser Trucking stated that it did not have a copy of the insurance policy provided with Liberty Mutual's motion to dismiss at the time it filed its complaint. Kaiser Trucking attached a copy of the accident report

from the September 8, 2015 accident as an exhibit to its motion to amend the complaint. The accident report listed Spotted Thunder's insurance company as "23043 – Liberty Mutual Ins. Company" and the policy number as "A02-248-403754-70 4 8."[2]

[¶8.] Also on January 25, 2021, Kaiser Trucking filed its response to Liberty Mutual's motion to dismiss. Kaiser Trucking argued that the issues raised by Liberty Mutual—whether the accident came within coverage of the policy and whether Spotted Thunder provided notice to Liberty Mutual—were invocations of policy exclusions, which the insurer had the burden to prove, not conditions precedent, which Liberty Mutual argued must be pled in the complaint. Kaiser Trucking further argued that it had no obligation to notify Liberty Mutual of the proceeding it filed against Spotted Thunder in which it obtained a default judgment.

[¶9.] Liberty Mutual filed a reply brief on January 28, 2021. It argued that providing notice of the accident to Liberty Mutual was a condition precedent, not an exclusion. Therefore, Kaiser Trucking had the duty to allege in its complaint that notice had been given. Liberty Mutual contended that Kaiser Trucking's "intentional failure to contact Liberty Mutual was done at their own peril." Liberty Mutual also emphasized that whether the accident was within the scope of the Policy's coverage was another condition precedent that was not sufficiently pled in the complaint due to the potentially intentional nature of Spotted Thunder's actions in causing the accident.

---

2. The accident report incorrectly recorded Spotted Thunder's insurance policy number.

-4-

[¶10.] A hearing on Liberty Mutual's motion to dismiss was held on February 1, 2021. The circuit court granted Kaiser Trucking's motion to amend its complaint to state the correct defendant, which Liberty Mutual did not contest. The circuit court heard the arguments of counsel for Kaiser Trucking and for Liberty Mutual regarding Liberty Mutual's SDCL 15-6-12(b)(5) motion to dismiss and took the matter under advisement.

[¶11.] The circuit court announced its decision on February 22, 2021, granting Liberty Mutual's motion to dismiss. The circuit court issued a written order on March 3, 2021, finding that:

> notice of suit against an insured is a prerequisite to a liability insurer's duty to indemnify, and there is no allegation in the Amended Complaint that Defendant Liberty Mutual Fire Insurance Company was ever provided with notice of the lawsuit against Bianca Spotted Thunder, 51CIV17-001270. Therefore, plaintiffs have failed to state a plausible claim for relief.

Judgment of dismissal was filed on March 5, 2021.

[¶12.] Kaiser Trucking appeals, raising one issue which we restate as follows: whether the circuit court erred in finding that notice to Liberty Mutual of a claim against its insured was a condition precedent under Liberty Mutual's insurance policy that must have been alleged in the complaint in order to state a claim upon which relief could be granted.

## Standard of Review

[¶13.] Whether a complaint fails to state a claim upon which relief can be granted "is a question of law we review de novo." *Nooney v. Stubhub, Inc.*, 2015 S.D. 102, ¶ 9, 873 N.W.2d 497, 499. "While a complaint attacked by a Rule 12(b)[(5)] motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Sisney v. Best Inc.*, 2008 S.D. 70, ¶ 7, 754 N.W.2d 804, 808 (second alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007)). We test a motion to dismiss under SDCL 15-6-12(b)(5) for "the legal sufficiency of the pleading, not the facts which support it." *Hallberg v. South Dakota Bd. of Regents*, 2019 S.D. 67, ¶ 10, 937 N.W.2d 568, 572 (quoting *N. Am. Truck & Trailer, Inc. v. M.C.I. Commc'n. Servs.*, 2008 S.D. 45, ¶ 6, 751 N.W.2d 710, 712). Therefore, we "accept the material allegations as true and construe them in a light most favorable to the pleader to determine whether the allegations allow relief." *Sisney*, 2008 S.D. 70, ¶ 8, 754 N.W.2d at 809.

[¶14.] SDCL 15-6-8(a) sets forth the requirements for a pleading, specifically, that a pleading shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for judgment for the relief to which he deems himself entitled." In *Sisney*, 2008 S.D. 70, ¶ 8, 754 N.W.2d at 808–09, we interpreted SDCL 15-6-8(a) in conjunction with *Twombly*, 550 U.S. 544, 127 S. Ct. 1955. We quoted *Twombly* in explaining that "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[3] *Sisney*, 2008 S.D. 70, ¶ 7, 754 N.W.2d at 808 (quoting *Twombly*,

---

3. Following our analysis of *Twombly* in *Sisney*, the United States Supreme Court decided *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d

(continued . . .)

550 U.S. at 555 n.3, 127 S. Ct. at 1965 n.3). Therefore, in order to plead a claim upon which relief can be granted, Kaiser Trucking's complaint must have been sufficient to "put 'a person of common understanding' on notice, 'with reasonable certainty of the accusations against [them] so [they] may prepare [their] defense.'" *Hallberg*, 2019 S.D. 67, ¶ 28, 937 N.W.2d at 577 (alterations in original) (quoting *St. Pierre v. State ex rel. S.D. Real Estate Comm'n*, 2012 S.D. 25, ¶ 18, 813 N.W.2d 151, 157).

## Analysis and Decision

[¶15.] A condition precedent, a concept derived from contract law, "refers to an act or event that must exist or occur before there is a right to performance under a contract." Wright & Miller, 5A Federal Practice & Procedure § 1303 (4th ed.); *see Terra Indus., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 383 F.3d 754, 759 (8th Cir. 2004) (distinguishing between conditions precedent and exclusions as applied to insurance policies). Generally, when an insured party confronts a condition precedent, the insured must demonstrate that he or she "substantially complied with this condition or that noncompliance was excused, waived, or did not prejudice the insurer. Otherwise, the insurer does not have to indemnify the

---

(. . . continued)
868 (2009), in which the Supreme Court further refined and extended its holding in *Twombly*. The *Iqbal* holding is compatible with our decision in *Sisney*, as *Iqbal* clarifies that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678, 129 S. Ct. at 1949 (citation omitted) (quoting *Twombly*, 550 U.S. at 570, 129 S. Ct. at 1955).

insured for damages awarded against him [or her]." *Terra Indus.*, 383 F.3d at 759 (internal citation omitted). Conditions precedent in an insurance policy are different from exclusions, which "carve out some particular events from a coverage that is otherwise general, and the insurer has the burden of proving them." *Id.* Therefore, an insured has the burden to prove that conditions precedent are met, while the insurer has the burden to prove that an exclusion applies.

[¶16.] Kaiser Trucking contends that, in evaluating whether its complaint met pleading requirements, the circuit court should not have considered Liberty Mutual's argument as to whether Liberty Mutual "had notice of the accident or claim and how that might ultimately impact coverage" because doing so required consideration of evidence outside of the pleadings. Kaiser Trucking argues that the evidence from Liberty Mutual's attorney, that Liberty Mutual never received notice, is evidence outside the Policy and should not have been considered.[4]

[¶17.] Liberty Mutual responds by arguing that to survive its 12(b)(5) motion to dismiss, Kaiser Trucking was required to plead, as a condition precedent, that

---

4. We note from the outset that the Policy itself was not evidence outside the pleadings. Kaiser Trucking referenced the Policy in its complaint, and Liberty Mutual then provided the Policy as an attachment in its motion to dismiss. In *Nooney*, the plaintiffs referenced a "Fan *Protect* Guarantee" in its complaint but did not attach the guarantee to the complaint. 2015 S.D. 102, ¶ 8, 873 N.W.2d at 499. The defendant then attached a copy of the "Fan *Protect* Guarantee" document as an exhibit to its 12(b)(5) motion to dismiss. *Id.* ¶ 4, 873 N.W.2d at 498–99. We determined that because the plaintiffs referenced the document and "plead[ed] that their claims were based on representations made in that [document]," the document was not outside the pleadings and could be considered in a motion to dismiss. *Id.* ¶ 8, 873 N.W.2d at 499. In this case, like the "Fan *Protect* Guarantee" in *Nooney*, the Policy is effectively incorporated into the pleadings and was rightly considered by the circuit court in ruling on Liberty Mutual's motion to dismiss.

they provided Liberty Mutual prompt notice of their claim following the accident in order to satisfy Section E(A) of the Policy. For support, Liberty Mutual directs this Court to SDCL 58-23-1, the statute allowing injured parties to recover an unsatisfied judgment awarded against an insured from his or her insurer. It argues that the statute's language stating, "an action may be maintained by the injured, or by such other person against the insurer *under the terms of the policy*," required Kaiser Trucking's complaint to plead compliance with the Policy's terms, thereby satisfying the condition precedent. SDCL 58-23-1 (emphasis added). Liberty Mutual asserts that Section E(A)'s notice requirement is a condition precedent "under the terms of the policy" that Kaiser Trucking was obligated to plead as part of its claim pursuant to SDCL 15-6-9(c), which governs pleading of conditions precedent. If notice is a condition precedent, Liberty Mutual argues, considering the lack thereof is not considering evidence outside the pleadings, because Kaiser Trucking had a burden to plead notice in its complaint. Because Kaiser Trucking did not allege facts in its complaint regarding notice of the claim under the Policy, Liberty Mutual contends that the circuit court did not err in considering that information or in granting its motion to dismiss.

[¶18.] In its entirety, SDCL 58-23-1, the statute governing direct actions by an injured person against a liability insurer, provides:

> All liability insurance policies issued in this state shall provide in substance that if an execution upon any final judgment in an action brought by the injured or by another person claiming, by, through, or under the injured, is returned unsatisfied, then an action may be maintained by the injured, or by such other person against the insurer under the terms of the policy for the amount of any judgment recovered in such action, not exceeding the amount of the policy, and every such policy shall be

-9-

construed to so provide, anything in such policy to the contrary notwithstanding.

We have previously held that SDCL 58-23-1 only "limits recovery by the injured claimant" when he or she is suing "under the terms of the policy" in contrast to ancillary claims by an injured against an insurer (for example, claims of fraud), which are unlimited by SDCL 58-23-1. *Railsback v. Mid-Century Ins. Co.*, 2004 S.D. 64, ¶ 18, 680 N.W.2d 652, 657.

[¶19.]	To determine the pleading requirements for an action like the one brought here, we first construe SDCL 58-23-1 according to its plain language. This statute provides that an insurance policy providing liability insurance in this state must include language giving an injured party the right to maintain an action against the insurer of the party that caused his or her injury (the insured) when an execution upon any final judgment in an action brought by the injured party has been returned unsatisfied. SDCL 58-23-1. The action is maintained "against the insurer under the terms of the policy for the amount of any judgment recovered in such action . . . ." *Id.*; *see, e.g.*, *Railsback*, 2004 S.D. 64, ¶ 18, 680 N.W.2d at 657; *Trouten v. Heritage Mut. Ins. Co.*, 2001 S.D. 106, ¶ 24, 632 N.W.2d 856, 862.

[¶20.]	Although Kaiser Trucking obtained a judgment, which was returned unsatisfied, against Spotted Thunder, Liberty Mutual contends that to maintain an action against it, Kaiser Trucking must have shown they were entitled to recovery "under the terms of the policy," by pleading that Liberty Mutual was provided notice of the accident. Kaiser Trucking argues that it could not have pled compliance with the terms of the policy because it did not know the terms at the

time it filed the complaint, but it nevertheless satisfied its pleading requirement by alleging it had obtained the underlying judgment as required by SDCL 58-23-1.

[¶21.] The statute governing the pleading of conditions precedent, SDCL 15-6-9(c), provides, "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." SDCL 15-6-9(c) is substantially similar to Federal Rule of Civil Procedure 9(c).[5] Because we find no South Dakota authority on point regarding this question, we consider federal precedent to inform our analysis.[6] *See Olawsky v. Clausen*, 87 S.D. 578, 582 n.2, 212 N.W.2d 653, 655 n.2 (1973) ("Absent authority in this jurisdiction involving a Rule of Procedure substantially identical to the Federal Rules of Civil Procedure, we direct our attention to the federal courts for the meaning previously given by those courts.").

[¶22.] However, federal precedent on pleading conditions precedent is divided.[7] There are two opposing schools of thought. One view is that "Rule 9(c)

---

5. The rule states, "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c).

6. We have previously discussed prior iterations of SDCL 15-6-9(c) in two cases, but neither involved insurance contracts, and in both, this Court deemed that conditions precedent were satisfactorily pled without providing in depth analysis on that point. *See De Ford v. Hyde*, 10 S.D. 386, 73 N.W. 265 (1897); *see also Davison Cnty. v. Watertown Tile & Constr. Co.*, 47 S.D. 101, 196 N.W. 96 (1923).

7. Prior to Rule 9(c), common law procedure for pleading conditions precedent was derived from the law of contracts and the concept that conditions

(continued . . .)

#29612

does not expressly require that performance of conditions [precedent] be pled, it merely sets forth the manner in which such pleadings should be made." *Kiernan v. Zurich Cos.*, 150 F.3d 1120, 1123–24 (9th Cir. 1998); *see also Mendez v. Bank of Am. Home Loan Servicing, LP*, 840 F. Supp. 2d 639, 647 (E.D.N.Y. 2012) ("The language

---

(. . . continued)

precedent in a contract described acts or events that needed to occur before a party had a right to performance under the contract. In order to reach the right of performance sought by a party in pleading such a contract claim, the party was required to allege "the occurrence or performance of each condition precedent . . . in detail." Wright & Miller, 5A Federal Practice & Procedure § 1302 (4th ed.). From this starting point, Wright & Miller explains the purpose and history of adopting Rule 9(c) for pleading of conditions precedent:

Rule 9(c) is designed to eliminate the detailed and largely unnecessary allegations that resulted under the common law procedure, and to prevent nonmeritorious dismissals for a failure to plead the fulfillment of conditions precedent that are not at issue in the suit or simply are overlooked accidentally by the pleader. With the advent of complex commercial and insurance contracts in the early twentieth century, the burden imposed by the common law rule and the risk of technical default was thought to have become sufficiently heavy to outweigh the minimal information value provided by an enumeration of the conditions precedent that had been complied with by the pleader. Although under the "notice" pleading system that prevailed in the wake of *Conley v. Gibson* fairly perfunctory allegations of performance or occurrence of conditions precedent could suffice, after the Supreme Court's decisions in *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal*, a small number of courts have begun to suggest that the "plausibility" pleading standard applies to the pleading of conditions precedent. This is unsurprising, in light of the Court's admonition in *Iqbal* that the term "generally" means according to the ordinarily operative standard of Federal Rule of Civil Procedure 8(a)(2), which requires plausibility. True though that may be, courts must be careful to avoid interpreting and applying Rule 9(c) in a manner that simply revives a twin of the very common law pleading rule that Rule 9(c) was adopted to supplant.

-12-

of Rule[ ] . . . 9(c) does not expressly require that the performance or occurrence of conditions precedent be pleaded by a claimant. Instead, Rule 9(c) merely describes how performance or occurrence of conditions precedent is to be pleaded."). Therefore, applying this line of reasoning, Kaiser Trucking did not need to plead notice as a condition precedent; however, if it had attempted to plead any conditions precedent, it would only have needed to plead them generally as having been performed or having occurred in accordance with Rule 9(c).

[¶23.] The second school of thought advances the rule that pleading conditions precedent, albeit generally, is a mandatory prerequisite necessary to survive a motion to dismiss:

> "[A] plaintiff seeking to secure the benefits of an insurance policy has the burden of pleading that he has a right to recover under the terms of the policy." Since an insurer's duty under the policy of insurance does not arise until the conditions precedent have occurred or been performed, it is incumbent on a plaintiff seeking recovery under the insurance policy to allege that all the conditions precedent to recovery have been fulfilled. "[I]f he fails to do so, the complaint is defective . . ."

*Young Women's Christian Ass'n of Nat. Cap. Area, Inc. v. All State Ins. Co. of Can.*, 158 F.R.D. 6, 8 (D.D.C. 1994) (citation omitted) (quoting *Royal McBee Corp. v. Bryant*, 217 A.2d 603, 607 (D.C. 1966)); *see also Leo A. Seltzer Enters., Inc. v. Md. Cas. Co.*, 239 F.2d 761, 762 (6th Cir. 1956) (per curiam).[8]

---

8. Opponents of this approach express concern that its adoption would likely lead to plaintiffs generally averring compliance with all possible conditions precedent, as SDCL 15-6-9(c), for example, would allow in insurance disputes of this type. Additionally, this approach is subject to criticism because it arguably would not improve pleading practice, as generally pleading boilerplate compliance with potentially unknown conditions precedent does

(continued . . .)

#29612

[¶24.]     Wright & Miller, 5A Federal Practice & Procedure § 1303 suggests a middle ground between these two views that evaluates whether conditions precedent must be pled in a complaint based on the underlying substantive law and whether the substantive law considers conditions precedent to be elements in the claim. For example, in Minnesota, substantive state contract law specifies that "performance by plaintiff of any conditions precedent to his right to demand performance by the defendant" is an element of a contract claim. *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011). When the substantive law includes performance of conditions precedent as an element of a claim, their occurrence must be pled in the complaint to avoid dismissal for failure to state a claim.

[¶25.]     Conversely, when the substantive law does not require satisfaction of conditions precedent as an element of a contract claim, conditions precedent need not be pled. For example, in Florida, failure to satisfy a condition precedent in an insurance claim for personal injury protection benefits is considered an affirmative defense that may be raised by the defendant, and a plaintiff does not need to plead its satisfaction. *See Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1096–97 (Fla. 2010). In these jurisdictions, defendants may raise the failure to satisfy conditions precedent as an affirmative defense and must "deny the performance or occurrence of a condition precedent with particularity" in accordance with Rule 9(c). Wright & Miller, 5A Federal Practice & Procedure § 1303. When a defendant

---

(. . . continued)
    not benefit courts in evaluating complaints nor defendants in providing notice of the nature of plaintiffs' claims.

-14-

properly challenges the performance of a condition precedent, "a disputed issue will have been raised that may be resolved only on a summary judgment motion or at trial." *Id.*

[¶26.] Wright & Miller summarizes this middle ground approach as follows:

> Rule 9(c) does not impose an obligation on plaintiffs to plead the performance or occurrence of conditions precedent. Rather, it is the applicable substantive law that determines whether the performance or occurrence of conditions precedent is an element of the claim; if so, Rule 8(a)(2) places the burden on the plaintiff to plead that element (and all others) to state a claim successfully. The office of Rule 9(c) is to provide that under such circumstances, the pleading of a condition precedent may be done "generally."

*Id.* We find this approach to Rule 9(c) pleading in the wake of *Twombly* and *Iqbal* persuasive. As explained in *Iqbal,* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679, 129 S. Ct. at 1950.

[¶27.] Adopting Wright & Miller's pragmatic, middle ground approach, we conclude that a condition precedent need only be pled in a complaint when the performance or occurrence of conditions precedent is an element of the claim. We prefer this approach because it reconciles Rule 9(c) with *Twombly* and *Iqbal,* avoids incentivizing boilerplate pleading of conditions precedent generally, and provides flexibility in application of the approach depending on the underlying claim.

[¶28.] Based on our review of the Policy, as between Liberty Mutual and Spotted Thunder (insured), Section E(A) may be a condition precedent to coverage because it sets forth a requirement for coverage under the Policy, rather than

carving out an event from the Policy's general coverage as an exclusion. *See Terra Indus.*, 383 F.3d at 759.[9] However, Kaiser Trucking is not a party to the contract of insurance between Liberty Mutual and Spotted Thunder. Rather, its claim against Liberty Mutual is created by the Legislature as a matter of public policy when an injured party obtains a judgment against an insured and the judgment remains unsatisfied. *See Trouten*, 2001 S.D. 106, ¶ 24, 632 N.W.2d at 862 (noting the "legislative public policy" of SDCL 58-23-1). As discussed above, SDCL 58-23-1

---

9. Kaiser Trucking has not specifically argued that Section E(A) is not a condition precedent to coverage between Liberty Mutual and Kaiser Trucking, and it is unnecessary to resolve this question in addressing the motion to dismiss before us on appeal. As 7A Couch on Insurance § 106:20 (3d ed.) explains:

> Some courts take the view that the failure of the insured to give notice of an accident and of the pendency of an action against him or her by the injured person, as provided for by the insurance policy, does not prevent such injured person from bringing an action against the insurer . . . .

Couch on Insurance § 106:27 (3d ed.) also addresses the validity of conditions precedent in compulsory liability insurance policies, as against an injured party, in the context of a direct action by an injured party against the insurer:

> In the case of liability policies issued pursuant to, and in compliance with, compulsory insurance or financial responsibility statutes, the rule followed generally, for the reason that such statutes are for the benefit of members of the public and not of the insured, is that the injured person is not subject to defenses arising out of breach of conditions subsequent to the accident even though they would be available to the insurer as against the insured.

We note, however, that not all states agree with the view espoused by Couch on Insurance. *See Serravillo v. Sterling Ins. Co.*, 261 A.D.2d 384 (N.Y. Sup. Ct. App. Div. 1999); *see also Gorman v. City of Opelousas*, 148 So. 3d 888, 890 (La. 2014).

allows an injured party to maintain a direct action against the insurer of the party that caused their injury (the insured) if he or she can show the existence of an unsatisfied final judgment relating to an action "brought by the injured or by another person claiming by, through, or under the insured." While SDCL 58-23-1 authorizes the direct action "against[] the insurer under the terms of the policy," the statute does not require the injured party to plead any other element or condition precedent to maintain the action. Satisfaction of conditions precedent in the applicable insurance contract is not, therefore, a requirement under SDCL 58-23-1.

[¶29.]    Here, the complaint alleges that Kaiser was injured as a result of an accident with Spotted Thunder, that Spotted Thunder was insured by Liberty Mutual at the time of the accident, that Kaiser Trucking obtained a judgment against Spotted Thunder, and that the judgment was returned and remains unsatisfied. These averments are sufficient to allege a claim against Liberty Mutual pursuant to SDCL 58-23-1. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950.

[¶30.]    Our determination is "in accord with notice pleading under which 'a complaint need only contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief[.]"'" *St. Pierre*, 2012 S.D. 25, ¶ 17, 813 N.W.2d at 157 (alterations in original) (quoting *Gruhlke v. Sioux Empire Fed. Credit Union, Inc.*, 2008 S.D. 89, ¶ 17, 756 N.W.2d 399, 409). The complaint fully apprises Liberty Mutual of the nature of the claim asserted by Kaiser Trucking. Further, during

litigation, Liberty Mutual is not limited or prejudiced in its ability to present any alleged conditions precedent to coverage or other *defenses* that may exist under the Policy. "Cases are generally to be tried on the proofs rather than the pleadings." *St. Pierre*, 2012 S.D. 25, ¶ 20, 813 N.W.2d at 157 (quoting *Sazama v. State ex rel. Muilenberg*, 2007 S.D. 17, ¶ 13, 729 N.W.2d 335, 341) (internal quotation marks omitted).

[¶31.]     We determine that Kaiser Trucking was not required to plead satisfaction of conditions precedent in the Policy to sufficiently state a claim upon which relief could be granted and avoid a Rule 12(b)(5) dismissal of its complaint. For this reason, we reverse.

[¶32.]     JENSEN, Chief Justice, and SALTER, DEVANEY, and MYREN, Justices, concur.